340 So.2d 1249 (1976)
Bobby L. PAUL, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-316.
District Court of Appeal of Florida, Third District.
December 20, 1976.
Rehearing Denied January 12, 1977.
Phillip A. Hubbart, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., for appellee.
Before PEARSON and HENDRY, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PEARSON, Judge.
The defendant appeals his conviction by the court, without a jury, and a sentence of seven years in the state prison for the crimes of 1) breaking and entering with intent to commit grand larceny and 2) grand larceny. Three points are presented. The first urges reversible error because of the admission into evidence of defendant's confession made upon interrogation by police officers after defendant's arrest that he had been involved in seventeen specific cases of burglary. The second urges denial of a motion to suppress "all written and oral statements made by the Defendant." The third urges error for the imposition of *1250 a general sentence upon the finding of guilt of the two separate crimes.
We dispose of the second point first. No violation of defendant's constitutional rights under the Fifth, Sixth or Fourteenth Amendment of the Constitution of the United States appears in this record.
The sole factor to be considered upon the admission of the confession of involvement in other burglaries is whether the evidence was relevant to the charge in this case. The rule has been stated in Ashley v. State, 265 So.2d 685 (Fla. 1972):
"It is well settled in this state that evidence of other crimes is admissible if it casts light on the character of the act under investigation by showing either motive, intent, absence of mistake, common scheme, identity or a system or general pattern of criminality so that the evidence of such other crimes would have a relevant or material bearing upon some essential aspect of the offense then being tried."
* * * * * *
The record in the present case shows that after the arrest, the defendant was taken into a room where the folders containing information on seventeen unsolved burglaries were laid out on the table. He was asked about his involvement in these cases.[1] The officers testified that the defendant admitted that he committed the burglaries and kept saying, "Let me go. I did it. Let me go. Set me free."
We find that as to the crime for which the defendant was tried, there is no relevance in the testimony of the police officers that the defendant admitted involvement in the unsolved crimes. It is evident defendant is a habitual criminal and that he frequently commits burglaries. There is no doubt that this admission would go far to convince men of ordinary intelligence that the defendant was probably guilty of the crime charged. But, the criminal law departs from the standard of the ordinary in that it requires proof of a particular crime. Where evidence has no relevancy except as to the character and propensity of the defendant to commit the crime charged, it must be excluded. Williams v. State, 110 So.2d 654 (Fla. 1959). We conclude that the erroneous admission of the damaging evidence may have deprived the defendant of a fair trial, and we will reverse his conviction with directions that he be granted a new trial.
Defendant's third point urging error in a general sentence upon two separate crimes would appear to be moot at this time. Nevertheless, we point out that, in our opinion, such a sentence is contrary to the rule stated in Darden v. State, 306 So.2d 581 (Fla.2d DCA 1975).
Reversed and remanded with directions to grant the appellant a new trial.
NOTES
[1] This practice is testified to be an aid in police work so that cases may be moved from an open or unsolved category to a closed category.