343 So.2d 88 (1977)
Charles Richard GLANTZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-175.
District Court of Appeal of Florida, Third District.
March 8, 1977.
*89 S.L. Gaer, Miami, Jack R. Nageley, Miami Beach, for appellant.
Robert L. Shevin, Atty. Gen., and Brian H. Leslie, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Appellant, Charles Richard Glantz, was convicted by jury of buying, receiving or aiding in the concealment of stolen property, knowing the same to be stolen, and was thereafter sentenced by the trial court.
We reverse the conviction and sentence and remand for a new trial because of the prosecutor's highly prejudicial comments and questioning of witnesses during the trial.
Appellant, a jeweler, at one time had a retail store, but at the time of the alleged incident, he was working as a jeweler from his home. James McGuire, a witness for the State, admitted having stolen the jewelry and taken it to appellant's home. Acting pursuant to a search warrant, stolen jewelry was recovered from appellant's home; in addition, jewelry was taken from appellant's car. Evidence relating to the jewelry taken from the car was suppressed following hearing on motion therefor.
McGuire testified at trial that he did not tell, nor did Glantz ask, whether the jewelry was stolen. Glantz denied knowing that the jewelry was stolen.
Despite the trial judge's many admonitions and rebukes to the prosecutor relating to improper questioning and remarks by him, the prosecutor elicited testimony from the appellant relative to the suppressed evidence. Moreover, the prosecutor through his questions repeatedly referred to appellant as a "fence," suggesting that appellant's home was just a front for fencing stolen property. The prosecutor also asked two witnesses who were present at the time of the search of appellant's home whether there had been any conversations regarding cocaine dealings between McGuire and David Olds, one of the defense witnesses. These questions were not relevant to the case.
The prosecutor's improper remarks and questions could serve no other purpose than to bring to the jury's attention allegations of felony wrongdoing which were beyond the scope of the issues being tried. These allegations were highly prejudicial to the appellant. While the State urges harmless error, we are of the opinion that the conduct complained of was so prejudicial as to deprive appellant of the right to a fair trial, especially where there is a reasonable doubt in this reviewing court's mind as to whether this error contributed to appellant's conviction. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).
Reversed and remanded.