KEHOE, Judge.
Appellant, defendant below, appeals a criminal conviction and sentence of imprisonment entered after a jury trial on multiple charges of uttering worthless checks. He asserts three points on appeal, one of which we agree requires reversal and remand for a new trial.
Appellant has worded the issue for our consideration as follows:
“THE TRIAL COURT ERRED IN ALLOWING THE STATE TO ELICIT TESTIMONY CONCERNING WHOLLY UNRELATED CONDUCT OF THE DEFENDANT TWO YEARS PRIOR TO THE CRIMES CHARGED, THE INVOLVEMENT OF THE DEFENDANT IN OTHER CURRENT COLLATERAL UNCHARGED CRIMES, AND THE FACT THAT DEFENDANT WAS KNOWN BY NAMES OTHER THAN HECTOR RODRIGUEZ, SOLELY TO ESTABLISH THE DEFENDANT’S CRIMINAL PROPENSITY AND TO PREJUDICE THE JURY AGAINST HIM, THEREBY DEPRIVING THE DEFENDANT OF HIS CONSTITUTIONALLY GUARANTEED PRESUMPTION OF INNOCENCE AND HIS RIGHT TO A FAIR AND IMPARTIAL TRIAL BY JURY AND DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES AND ARTICLE I, §§ 9, 12 OF THE FLORIDA CONSTITUTION.”
Our review of the record persuades us that the appellant was prosecuted not only for the offenses charged in the information filed against him but that he was irremediably prejudiced by the improper admission of evidence of collateral crimes which made it impossible for him to receive a fair trial. The record clearly indicates that the prosecution relied upon evidence of alleged collateral misconduct and collateral crimes in order to convict the appellant. The prosecutor was repeatedly permitted to introduce evidence that the appellant may have committed similar crimes at some point prior to the crimes charged. This evidence was admitted despite the defense counsel’s frequent objections and strenuous efforts (including several motions for mistrial) to keep it from the ears of the jury.
*1168 It is readily apparent that; the collateral crimes rule of Williams v. State, 110 So.2d 654 (Fla.1959)[1] was not followed in this instance and that the sole purpose for which the prejudicial evidence was admitted (despite the State’s protestations that it was properly admitted to show a common scheme) was to assail the appellant’s character when his character had never been placed in issue. We believe that the prejudicial effect of this evidence outweighed any possible relevance it may have had and that the totality of this prejudice is such that a new trial is necessary.
In light of the fact that we have reversed the appellant’s conviction, his point that the trial judge erred in failing to grant him a continuance in order to allow him sufficient time to investigate and depose the state’s witnesses prior to trial is now moot. We are confident that the trial judge will insure that the appellant is given sufficient time before retrial to complete the discovery process without unnecessary delay.
Reversed.

. Relevant evidence will not be excluded merely because it relates to similar facts which point to the commission of a separate crime. Evidence of other crimes is admissible in a criminal trial if relevant to prove anything other than the bad character of the defendant or his propensity to commit the crime charged. Evidence which is relevant is inadmissible if its sole purpose is to show the propensity of the defendant to commit the crime charged.