DANIEL S. PEARSON, Judge.
The State established by adequate proof that the defendant, a prisoner in Colorado who had requested final disposition of a detainer resulting from pending Florida charges, see Section 941.45(3), Florida Statutes (1979), did within 180 days of his request evince his unwillingness to waive extradition. We hold that the defendant’s subsequent insistence on his right not to be returned to Florida without a full and com-píete extradition hearing was an effective revocation of his earlier waiver of extradition [1] and deprived him of any right to be tried within 180 days of his request under Section 941.45(3)(a), Florida Statutes (1979), or Florida Rule of Criminal Procedure 3.191(b)(3) (1979), see O’Bryan v. State, 326 So.2d 83 (Fla. 1st DCA 1976). Accordingly, we affirm the trial court’s denial of the defendant’s motion to dismiss under the statute and motion for discharge under the rule.[2]
However, because the State, over the defendant’s objection,[3] persisted in eliciting statements of the defendant made to a State witness, which statements implicated the defendant in a murder totally unrelated to the armed robbery charge being tried[4] and established nothing more than the criminal propensities of the defendant, we are compelled to reverse the defendant’s conviction and remand the cause for a new trial. Rodriguez v. State, 372 So.2d 1167 (Fla. 3d DCA 1979); Paul v. State, 340 So.2d 1249 (Fla. 3d DCA), cert. denied, 348 So.2d 953 (Fla.1977). See Williams v. State, 110 So.2d 654 (Fla.1959).
Affirmed in part; reversed in part and remanded for a new trial.

. A request for final disposition is deemed to be a waiver of extradition. § 941.45(3)(e), Fla. Stat. (1979).

. Our holding makes it unnecessary to address the State’s various other contentions in support of the trial court’s order.

. While the defendant’s objection on hearsay grounds to his own admission was off the mark, his objection on the grounds that the statements were irrelevant and prejudicial, made before trial in a motion in limine and during trial, were well taken. The fact that these statements were made by the defendant does not, of course, entitle them to admission. See, e.g., Paul v. State, 340 So.2d 1249 (Fla. 3d DCA), cert. denied, 348 So.2d 953 (Fla.1977); Jenkins v. State, 177 So.2d 756 (Fla. 3d DCA 1965); Minturn v. State, 136 So.2d 359 (Fla. 3d DCA 1962); Hooper v. State, 115 So.2d 769 (Fla.3d DCA 1959).

. The State’s witness (Wake) related a conversation between the defendant and one Kiever (who was charged, but not tried, with the defendant in the present case) in which the defendant, having heard Kiever’s admission that he killed someone during a poolroom fight, purportedly stated, “Man, that was a coldblooded scene.” The witness further testified that the defendant then placed a scorpion ring on his finger and made a sinister remark that he was like a scorpion, which when “he stings you, you’re going to die.”