415 So.2d 891 (1982)
Vernal E. MALCOLM, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-2298.
District Court of Appeal of Florida, Third District.
June 29, 1982.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., for appellee.
Before SCHWARTZ, DANIEL S. PEARSON and FERGUSON, JJ.
SCHWARTZ, Judge.
Malcolm's convictions for the sale and possession of marijuana are reversed for a new trial because the trial court erroneously *892 admitted evidence of the defendant's involvement in another drug investigation and a previous similarly unrelated sale at the premises where the one in question allegedly occurred. State v. Norris, 168 So.2d 541 (Fla. 1964); Dillman v. State, 411 So.2d 964 (Fla. 3d DCA 1982), and cases cited; Beneby v. State, 354 So.2d 98 (Fla. 4th DCA 1978), cert. denied, 359 So.2d 1220 (Fla. 1978); Roche v. State, 326 So.2d 448 (Fla.2d DCA 1976); see Williams v. State, 110 So.2d 654 (Fla. 1959); Sec. 90.404(2), Fla. Stat. (1981).
There is no merit in the state's position on appeal, which concedes error but claims that the issue was not preserved below. The record shows both that, prior to the taking of testimony, defense counsel timely moved to "strike" or exclude evidence of any criminal activity other than that charged in the information[1] and that, at the end of the trial, he unsuccessfully moved for a mistrial on grounds which, while clumsily expressed, were sufficient, as the trial judge's comments in denying the motion demonstrate, fairly to apprise the lower court of the Williams-rule violation which has been asserted on appeal. See, Williams v. State, 414 So.2d 509 (Fla. Case no. 58,704, opinion filed, May 13, 1982). Finally, we cannot find that the error was harmless.[2]
Reversed.
NOTES
[1] The motion was denied as premature on the stated basis that such evidence might become admissible if the Williams criteria were later satisfied. This ruling was clearly erroneous. Evidence of "collateral crimes" should be considered presumptively inadmissible and excluded unless the state can affirmatively establish its propriety. See Sec. 90.404(2)(b), Fla. Stat. (1981). In this case, it admittedly could not do so. The adoption of the contrary procedure, as below, results in the jury's hearing the clearly prejudicial evidence in question, subject to its being later "stricken" with only an accompanying instruction  of legendary ineffectiveness  that it should be disregarded. However (if, as here, the contention is appropriately preserved), only a new trial serves to remedy the situation which has been thus created.

The same observation applies to what occurred when three police officers testified below. In each case, the first reference to other offenses was met with an objection on Williams-rule grounds; in each case, the court then reserved ruling; in each case, only after the offending testimony had been presented to the jury, the objection was sustained when, as was inevitable from the outset, the state failed to "connect it up." It was wrong to proceed as if the court did not know what everyone in the courtroom must have realized  that the other crimes evidence could not have been permissible in this trial. Moreover, although we need not directly decide the point, since the practical effect of reserving ruling was under these circumstances the same as overruling the objections, it may be that reversible error was committed (and simultaneously preserved for appellate purposes) simply because the objections were not, as they should have been, immediately sustained.
[2] Apparently in order to convince us to the contrary, the state's brief in this case contains the following impertinent statement:

Immediately prior to trial, defense counsel indicated the defendant's willingness to plead guilty to the three pending charges. (T. 4-7). When the court indicated it was only prepared to accept the plea to the single case before it, the plea offer was withdrawn (T. 8) and the trial commenced. (T. 9).
We consider this reference both as an attempt improperly to influence the court and, in its unstated assumption that it might have that effect, as an insult either to our intelligence or our integrity. We have a right to and do expect more from any counsel who appears before us, particularly one who represents the state of Florida.