PER CURIAM.
We reverse the appellant’s second degree murder conviction for a new trial because of the prosecutor’s totally irrelevant and highly prejudicial cross-examination of the defendant and his girlfriend-witness to the effect that he was a procurer and she, his prostitute.[1] Bennett v. State, 316 So.2d 41 (Fla.1975); Harris v. State, 427 So.2d 234 (Fla. 3d DCA 1983); Malcolm v. State, 415 So.2d 891 (Fla. 3d DCA 1982); Glantz v. State, 343 So.2d 88 (Fla. 3d DCA 1977). In the light of the relative closeness of the self-defense claim asserted by the defendant, we cannot find that this clear error was harmless. Wright v. State, 446 So.2d 208 (Fla. 3d DCA 1984), and cases cited; compare State v. Murray, 443 So.2d 955 (Fla.1984).
Reversed.

. In addition, the state attorney did not proffer evidence sufficient even to show that there was any truth to these allegations. See Smith v. State, 414 So.2d 7 (Fla. 3d DCA 1982), and cases cited.