## McCRACKEN v STATE OF FLORIDA
### Case No. 82-158-AC
Eleventh Judicial Circuit, Appellate Division, Dade County
September 25, 1985

### APPEARANCES OF COUNSEL

**Bennett H. Brummer,** Public Defender, **Howard K. Blumberg,** Assistant Public Defender, for appellant.

**Jim Smith,** Attorney General, and **Randy B. Klayman,** Assistant Attorney General, for appellee.

Before SALMON, KLEIN and MOORE, JJ.

### OPINION OF THE COURT

EDWARD MOORE, Judge.

Appellant, Terry Lee McCracken, was charged with driving while his license was revoked and driving while under the influence of alcohol or controlled substances. On March 18, 1982, a jury returned guilty verdicts on both charges.

Following appellant's motion for a new trial which the court denied, this appeal was filed alleging error in the allowance of certain items to be introduced into evidence.

The issues raised in this appeal

1. DID THE TRIAL COURT ERR IN ADMITTING INTO EVIDENCE APPELLANT'S ENTIRE DRIVING RECORD, WHERE ONLY A PORTION OF THE RECORD WAS RELEVANT TO THE CHARGES, AND WHERE THE EFFECT OF ADMITTING THE ENTIRE RECORD WAS TO IMPROPERLY AND PREJUDICIALLY PLACE APPELLANT'S CHARACTER INTO ISSUE?

2. DID THE TRIAL COURT ERR IN ADMITTING INTO EVIDENCE THE TESTIMONY OF AN EXPERT TOXICOLOGIST AS TO THE EFFECTS OF TWO BARBITURATES IN THE HUMAN BODY WHERE A PROPER FOUNDATION WAS ESTABLISHED TO SUPPORT THE ADMISSION OF THIS TESTIMONY?

We answer the first question in the affirmative and the second question in the negative.

Under Section 322.261(1), Florida Statutes, when an individual's license is suspended or revoked The Department of Motor Vehicles is required to notify the individual. Section 322.201, Florida Statutes, established the method for proving that such notice was given: . . . [A]ny court of this state which is . . . electronically connected by a terminal device to the computer data center of the department may use as evidence in any case the information obtained by this device from the records of the department. . . . For such computer copies generated by a court or clerk of court terminal device, *entry in a driver's record that the notice required by S. 322.251 was given shall constitute sufficient evidence that such notice was given* . . . . (emphasis supplied)

The State, relying upon Section 322.201, introduced appellant's driving record into evidence. The driving record showed that appellant's license was revoked for 60 months on March 6, 1979, because he was an habitual traffic offender, and that notice was given as required. However, counsel for defendant objected to the introduction of the entire record on the grounds that other matters contained in the record which listed numerous traffic offense convictions were irrelevant and prejudicial. The trial court overruled the objections and permitted the introduction of the entire record, which was thereafter published to the jury, and which was sent into the jury room during deliberations.

It is well established that character evidence may not be introduced if such evidence merely shows bad character or criminal propensities of the accused. See *Ruffin v. State*, 397 So.2d 277 (Fla. 1981); *Rodriguez v. State*, 372 So.2d 1167 (Fla. 3rd DCA 1979).

In this case, the only relevant information on the driving record was that appellant's license had been revoked and that notice was sent as required. The prior traffic and misdemeanor violations were irrelevant and should have been either whited out or blocked out before the evidence was submitted. Consequently, with respect to the charge of driving while under the influence, the effect of admitting the entire record was to improperly and prejudicially place appellant's character into issue.

We therefore hold that the trial court in admitting the entire driving record committed reversible error with respect to the charge of appellant's driving while under the influence.

However, we also hold that the admission of the entire record was harmless error with respect to the charge of appellant's driving while his license was revoked. Here, the part of the driving record that was properly admitted into evidence clearly showed that appellant's license was in fact revoked and that appellant was given notice. Furthermore, appellant failed to introduce any evidence to the contrary.

As to the issue of admitting into evidence the testimony of the expert toxicologist we hold that the trial court did not err in allowing this testimony.

The expert toxicologist testified as to the range of possible effects of having two barbiturates, amobarbital and secobarbital, present at the same time in the human body. We find the State laid a proper foundation to support this testimony in that the State, prior to this testimony, not only qualified this witness as an expert but also introduced evidence showing that a urine specimen taken from appellant after his arrest detected the presence of both barbiturates.

In summary, we conclude that the trial court's ruling on appellant's driving while his license was revoked should be affirmed and the ruling on appellant's driving while under the influence should be reversed.

REVERSED AND REMANDED for a new trial on the charge of driving while under the influence only.