# STATE OF FLORIDA v BROWN

Case No. 87-31419

Eleventh Judicial Circuit, Dade County

March 14, 1988

### APPEARANCES OF COUNSEL

Office of the State Attorney for plaintiff.

Office of the Public Defender for defendant.

### OPINION OF THE COURT

FRED MORENO, Circuit Judge.

THIS CAUSE came before the Court on the defendant's motion to exclude "Williams Rule" evidence at the trial. Specifically, the State seeks to introduce testimony concerning a proposal, offer or plan by Lois S. Scott and the defendant to kill Pearl Synder. The defendant is charged in this case with the first degree murder and the death penalty is being sought. The State contends that the defendant was hired by Lois Scott to commit the murder of R. Kaplan so she could receive the life insurance benefits.

The Court read the transcript of the deposition of William Robar, who says that the defendant stated for a few thousand dollars Mr. Brown could take care of Mr. Robar's partner. However, Mr. Robar

cannot remember what was said by Mrs. Scott as opposed to Mr. Brown. Mrs. Scott has died of cancer and thus is not available to testify (see attached excerpt)

The State seeks to introduce this evidence to show motive. The defendant alleges that such evidence is irrelevant, will confuse and mislead the jury, is unduly prejudicial with little probative value and that notice pursuant to F.S. § 90.404(2) was not provided. Florida Evidence Code § 404(2)(a) provides that "similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent. . . ." Section (b) provided for a ten day notice requirement.

The State argues that similarity need not be shown to admit prior bad facts. Further the State argues that there is no notice requirement for "unsimilar" prior bad acts.

The Court finds that the notice requirement was followed by the State. However, the Court concludes that Mr. Robar's testimony has little probative value as he cannot attribute the statement to the defendant as opposed to the decedent Mrs. Scott. "I cannot remember that exactly." (p. 44) "Well, they're two of a kind, so it doesn't make any difference." (p. 44)

F.S. § 90.403 provides that "Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice. . ." Applying that standard the Court excludes the evidence of the prior bad act in the State's case in chief. As the Third District Court of Appeal said in *Paul v. State,* 340 So.2d 1249, 1250 (Fla. 3d DCA 1976), *cert. denied,* 348 So.2d 953 (Fla. 1977),

> There is no doubt that this admission [to prior unrelated crimes] would go far to convince men of ordinary intelligence that the defendant was probably guilty of the crime charged. But, the criminal law departs from the standard of the ordinary in that it requires proof of a particular crime. Where evidence has no relevancy except as to the character and propensity of the defendant to commit the crime charged, it must be excluded [citing to *Williams].*

WHEREFORE, the Court grants the defendant's motion in limine and excludes the prior bad act evidence. *See Malcolm v. State,* 415 So.2d 891 (Fla. 3d DCA 1982).

DONE AND ORDERED this 14th day of March, 1988.