BARKETT, Justice,
dissenting.
We previously have rejected the idea that a defendant’s out-of-court admission of involvement in collateral crimes somehow is exempt from the standard of relevance contained in the Williams Rule. In Jackson v. State, 451 So.2d 458 (Fla.1984), we ruled that a defendant’s out-of-court admission that he was “a thoroughbred killer” and that he brandished a gun while making this statement was irrelevant and inadmissible in his trial for an unrelated murder.
The testimony showed Jackson may have committed an assault on [a third party], but that crime was irrelevant to the case sub judice. Likewise the “thoroughbred killer” statement may have suggested Jackson had killed in the past, but the boast neither proved that fact, nor was that fact relevant to the case sub judice. The testimony is precisely the kind forbidden by the Williams rule and section 90.404(2).
Id. at 461. Moreover, Jackson cited with approval the following statement from *279 Paul v. State, 340 So.2d 1249,1250 (Fla. 3d DCA 1976), cert, denied, 348 So.2d 953 (Fla.1977):
There is no doubt that this admission [to prior unrelated crimes] would go far to convince men of ordinary intelligence that the defendant was probably guilty of the crime charged. But, the criminal law departs from the standard of the ordinary in that it requires proof of a particular crime. Where evidence has no relevancy except as to the character and propensity of the defendant to commit the crime charged, it must be excluded [citing Williams].
(Emphasis added.) In Paul, the court gave this rationale in ruling irrelevant and inadmissible a burglary defendant’s confession that he had committed seventeen other unsolved burglaries.
I conclude that Swafford’s alleged statement to Johnson, “you just get used to it,” is no more relevant to the issues at his trial than were the admissions in Jackson and Paul. This alleged admission certainly was more equivocal than the defendant’s boast in Jackson that he was a “thoroughbred killer.” As in Jackson, it neither proved that Swafford had killed in the past nor was it relevant to any issue at trial, except to show criminal propensity and character. And Swafford’s single, vague statement to Johnson pales in comparison to the defendant’s confession in Paul that he had committed seventeen other burglaries.
Moreover, the probative value of this collateral-crimes evidence was, at best, slight. The potential prejudice it posed to this defendant’s case, however, was substantial. The only relevance of this testimony was to establish the criminal propensity and character of Swafford. It therefore falls within the rule of exclusion contained in the final clause of section 90.404(2)(a), Florida Statutes, and should never have been heard by the jury. See Straight v. State, 397 So.2d 903, 908 (Fla.), cert, denied, 454 U.S. 1022, 102 S.Ct. 556, 70 L.Ed.2d 418 (1981); McCrae v. State, 395 So.2d 1145, 1152 (Fla. 1980), cert, denied, 454 U.S. 1041,102 S.Ct. 583, 70 L.Ed.2d 486 (1981); Smith v. State, 365 So.2d 704, 706 (Fla.1978), cert, denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979).
Accordingly, I would reverse appellant’s conviction and order a new trial.
EHRLICH, C.J., concurs.