532 So.2d 1110 (1988)
Christopher SHORTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-2195.
District Court of Appeal of Florida, Third District.
October 18, 1988.
Rehearing Denied November 15, 1988.
Bennett H. Brummer, Public Defender and Samek & Besser and Lawrence Besser, Sp. Asst. Public Defender, for appellant.
*1111 Robert A. Butterworth, Atty. Gen. and Mark S. Dunn and Steven Scott, Asst. Attys. Gen., for appellee.
Before HUBBART, NESBITT and PEARSON, DANIEL S., JJ.
PER CURIAM.
This is an appeal from a judgment of conviction and sentence for second-degree murder and possession of a firearm while engaged in a criminal offense. We reverse and remand for a new trial based on the following briefly stated legal analysis.
First, we conclude that the prosecuting attorney was guilty of improper conduct in his suggestion made during final argument to the jury that the defendant's sister had previously attacked the homicide victim with a knife; there was utterly no evidence adduced below to support this suggestion. The trial court, in our view, erred in allowing the prosecuting attorney to make this argument. Huff v. State, 437 So.2d 1087, 1089 (Fla. 1983); Duque v. State, 498 So.2d 1334, 1337 (Fla. 2d DCA 1986); State v. Davis, 411 So.2d 1354, 1355 (Fla. 3d DCA 1982); Glassman v. State, 377 So.2d 208, 210 (Fla. 3d DCA 1979).
Second, we conclude that the prosecuting attorney was also guilty of improper conduct by suggesting on cross examination of the defendant that the defendant had put three police officers in the hospital when the defendant was arrested in this case. Assuming there was some evidence to support this suggestion, we conclude such evidence would have been inadmissible in evidence as its prejudicial impact far outweighed whatever limited relevance it might have as to defendant's alleged consciousness of guilt. Although the trial court correctly sustained the defendant's objection to the prosecuting attorney's improper question, its subsequent cautionary instruction failed to undo the damage done by this time bomb of a question. Jackson v. State, 451 So.2d 458, 461 (Fla. 1984), petition for cert. filed, (U.S. June 14, 1988); Finklea v. State, 471 So.2d 596, 597 (Fla. 1st DCA 1985); see Vazquez v. State, 405 So.2d 177, 180 (Fla. 3d DCA 1981), approved in part, quashed in part, 419 So.2d 1088 (Fla. 1982); § 90.403, Fla. Stat. (1987).
Lastly, we conclude that the above-stated prosecutorial misconduct, when considered in totality, deprived the defendant of a fair trial in this otherwise close case on whether the defendant shot the deceased with criminal intent or in self-defense; the trial court, therefore, committed reversible error in (1) allowing the aforesaid argument to the jury, and (2) refusing to grant the defendant's motion for mistrial based on the prosecuting attorney's suggestion concerning the defendant's alleged resisting arrest. The improper suggestion in closing argument to the jury concerning the alleged knife attack by the defendant's sister on the homicide victim was designed to undermine the theory of defense that the homicide victim was shot by the defendant in self-defense by showing that the said victim was not the violent person the defendant attempted to portray at trial  and that the homicide victim's conduct in shooting the defendant's sister after the alleged knife attack was really an act of self-defense on his part. Moreover, the improper suggestion concerning the defendant's arrest conduct in putting three police officers in the hospital was designed to prove that the defendant was a violent person, thereby further discrediting the defendant's self-defense testimony at trial. This being so, we cannot agree that this prosecutorial misconduct was harmless under the circumstances of this case; on the contrary, we conclude that the said conduct was very prejudicial to the defendant and may very well have tipped the scales in favor of the state. Williamson v. State, 459 So.2d 1125, 1128 (Fla. 3d DCA 1984); Tuff v. State, 509 So.2d 953, 956 (Fla. 4th DCA 1987); Singletary v. State, 483 So.2d 8, 10 (Fla. 2d DCA 1985); Coleman v. State, 420 So.2d 354, 356 (Fla. 5th DCA 1982); McMillian v. State, 409 So.2d 197, 198 (Fla. 3d DCA 1982); Glantz v. State, 343 So.2d 88, 89 (Fla. 3d DCA 1977).
Reversed and remanded for a new trial.