547 So.2d 680 (1989)
Jimmy Wayne BASS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2513.
District Court of Appeal of Florida, First District.
July 21, 1989.
Rehearing Denied August 23, 1989.
Michael E. Allen, Public Defender and Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
*681 Robert A. Butterworth, Atty. Gen. and Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
MINER, Judge.
Jimmy Wayne Bass appeals from his convictions for fleeing from a police officer, driving while his driver's license was suspended, resisting arrest with violence and battery on a law enforcement officer. He first argues that the trial court committed reversible error by allowing the prosecutor, during closing argument, to express his own opinions suggesting to the jury its duty to tell appellant he was lying by finding him guilty. Secondly, he asserts that his convictions for resisting arrest with violence and battery on a law enforcement officer violate double jeopardy principles.
Since the Florida Supreme Court, in State v. Carpenter, 417 So.2d 986 (Fla. 1982), has decided the double jeopardy question raised by appellant adversely to his position, we reject his argument on this issue and turn our attention to his other point on appeal. We agree with Bass's contention that the prosecutor's comments during closing argument were improper and prejudicial, and we reverse his convictions.
To understate, the events of the evening of May 10, 1988, leading up to appellant's arrest were in serious dispute at the trial below. The record reflects that on that evening, Suwannee County Sheriff's Deputy Tom Swafford was on routine patrol when he saw a blue Chevrolet pickup with a wrecker boom on the back. He could not see the truck's tag and followed the truck for a quarter of a mile. Swafford testified that the truck did not stop on the dirt road when he turned on his blue light and that, therefore, he turned on his siren. Bass testified that he did stop when he saw the blue light on the deputy's car and added that Swafford allowed him to drive his wrecker home. The deputy testified that Bass's truck speeded up to 50 to 55 MPH and did not stop at a stop sign on County Road 49. He testified further that the truck continued at speeds up to 75 MPH for another three and one-half to four miles past County Road 49 before turning into appellant's residence. For his part, appellant testified that he did stop at the stop sign on County Road 49, that the truck was only capable of a top speed of 60 MPH and that he drove the speed limit of 45 MPH.
Swafford next testified that, after parking at his residence, Bass stepped out of the truck and started around the back end of the truck bed. Bass testified that Swafford grabbed him by the neck and pulled him out of the truck. Swafford testified that appellant held on to the side of the truck and refused to get into the patrol car. He claimed that Bass struck him in the groin with his elbow but appellant denied this ever happened.
During closing argument, the prosecutor stated:
As many years as I have been a trial lawyer, I'm always flabbergasted by the fact that literally every trial somebody is going to come up here and raise their hand before God to tell the truth and they're going to lie. Somebody lied today. There is no way to get around it. Somebody lied today, and it is just absolutely phenomenal to me as many times as I have done this that people are able to come in here and raise their hand before God and flat out lie.
Later during his summation, the prosecuting attorney revisited the matter of lying:
Now, your verdict is going to tell somebody they lied. If you are going to tell Tom Swafford he lied today, find this fellow not guilty. If you want to tell Jimmy Wayne Bass he lied, there is only one verdict, guilty. The man is guilty.
Defense counsel objected to this comment on the ground that it tended to cause jury confusion but his objection was overruled.
We begin our analysis by observing that only two people, the appellant and Deputy Swafford, testified at trial. A key factor below was the credibility of both witnesses in the absence of any other direct corroborative evidence. Our review of the record reveals this case to be close rather than one in which the guilt of the defendant was overwhelming. In the latter, improper *682 prosecutorial remarks concerning guilt and credibility might be deemed on appeal to be harmless. See State v. Murray, 443 So.2d 955 (Fla. 1984). However, in a two witness "swearing match" where there is little or nothing to corroborate the testimony of the witnesses, witness credibility is pivotal and inappropriate prosecutorial comment which might be found to be harmless in another setting may become prejudicially harmful. See Shorter v. State, 532 So.2d 1110 (Fla. 3rd DCA 1988); Hill v. State, 477 So.2d 553 (Fla. 1985); Williamson v. State, 459 So.2d 1125 (Fla. 3rd DCA 1984); McMillian v. State, 409 So.2d 197 (Fla. 3rd DCA 1982); Gomez v. State, 415 So.2d 822 (Fla. 3rd DCA 1982).
In its brief on appeal, the state acknowledges the lack of record support for the prosecuting attorney's statement that somebody lies in almost every trial. It argues, however, that "contrary to appellant's assertion, the prosecutor did not offer his opinion that appellant was lying and was guilty." To such an argument we can only say that the record we were furnished and the record reviewed by whomever prepared the state's brief must be substantially different. Our record (on which this case must be decided) reveals that the prosecutor said:
"If you want to tell Jimmy Wayne Bass he lied, there is only one verdict, guilty. The man is guilty." (Emphasis added)
Giving to words their plain meaning as we must, the prosecutor below purely and simply condemned Jimmy Wayne Bass as a guilty liar.[1] In our view, with this exhortation, taken in the context of his earlier unsupported remarks, the prosecutor extended an open invitation to the jury to convict the defendant for a reason other than his guilt of the crimes charged. Such comments have been held to constitute reversible error in a long line of cases. See Ryan v. State, 457 So.2d 1084 (Fla. 4th DCA 1984); Hines v. State, 425 So.2d 589 (Fla. 3rd DCA 1982); Boatwright v. State, 452 So.2d 666 (Fla. 4th DCA 1984); Redish v. State, 525 So.2d 928 (Fla. 1st DCA 1988).
We are, of course, aware that wide latitude is accorded a prosecutor during closing argument and that the control of those comments is within the discretion of the trial court, there to rest undisturbed until and unless an abuse of that discretion is made to appear. See Breedlove v. State, 413 So.2d 1 (Fla. 1982), cert. denied, 459 U.S. 882, 103 S.Ct. 184, 74 L.Ed.2d 149 (1982). We are likewise aware that the ABA Standards of Criminal Justice Relating to Prosecution Function, section 3-5.8 (1980), label as "unprofessional conduct" expression by a prosecutor of his personal belief or opinion as to the truth or falsity of any testimony or evidence of the guilt of the defendant.[2] That error was committed by the trial court in failing to control the improper closing remarks of the prosecutor, we are of one mind. It remains then only to determine whether the error was "so prejudicial as to vitiate the entire trial". State v. Murray, supra, at 956. Since we cannot say under the facts of this case that the absence of prejudice is plain, perforce we cannot conclude that such error was harmless. Williamson. Because they could have been and were likely construed by the jury as directing them to "send a message" about lying in the courtroom rather than focusing their attention on *683 whether the state had proven Bass's guilt beyond a reasonable doubt, we find that the prosecutor's improper remarks so prejudiced defendant's right to a fair and impartial trial that his conviction must be reversed. Perhaps this opinion will serve to confirm the wisdom of the Florida Supreme Court's cautionary comment on the subject of improper prosecutorial comments in Hill, at 557:
We again caution prosecutors to note that repeated failure to curb this misconduct adds fuel to the flame of those who advocate the adoption of a per se rule of reversal for such misconduct.
REVERSED and REMANDED for a new trial.
SMITH, J., and PEARSON, TILLMAN (Ret'd), Associate Judge, concur.
NOTES
[1] The prosecutor's characterization of defendant as prevaricator presumably was based on the following exchange that took place during defendant's cross-examination:

Q. You're basically telling this jury then that you  and you correct me if I'm wrong  what you are saying that Mr. Swafford is lying today?
A. I am saying he is not telling what happened.
* * * * * *
Q. So, basically, your story is opposite from Mr. Swafford's? You don't agree with what he said today?
A. No, I don't agree with it.
[2] Comment to rule 4-3.8 of the Florida Rules of Professional Conduct indicates that Florida has adopted the ABA standards. Additionally, Florida Bar Rule 4-3.4(e), provides:

A lawyer shall not:
... (e) In trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, .. . or state a personal opinion as to the justness of a cause, the credibility of a witness, ... or the guilt or innocence of an accused. (Emphasis added)