572 So.2d 999 (1990)
Orlando GONZALEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-1196.
District Court of Appeal of Florida, Third District.
December 26, 1990.
Jeffery P. Raffle, Coral Gables, for appellant.
Robert A. Butterworth, Atty. Gen., and Jacqueline M. Valdespino, Asst. Atty. Gen., for appellee.
Before JORGENSON, LEVY and GODERICH, JJ.
PER CURIAM.
Orlando Gonzalez, the appellant, appeals his convictions of aggravated assault on a law enforcement officer, possession of cocaine, and improper exhibition of a firearm. In April of 1989, police responded to a report that one male abducted another at gunpoint, forcing the other male into an automobile and then driving off. Upon approaching the vehicle, a police officer saw the alleged victim flee from the passenger side of the vehicle. The officer then observed the appellant exit the driver's side of the car and point a handgun at the officer. According to the officer, the appellant fired one shot in his direction, but did not strike him. The appellant and the alleged victim were both immediately arrested. The appellant gave a statement, after his Miranda rights were read to him, in which he maintained that he was the innocent victim and that the other male was the abductor. According to the appellant, he wrestled the gun away from the *1000 alleged victim just before the police arrived and then he pulled the handgun out of the car to throw it on the ground in order to avoid violating his probation. The appellant was formally charged with: (1) attempted first degree murder on a law enforcement officer; (2) unlawful display of a firearm while in commission of a felony; (3) possession of cocaine; and (4) improper exhibition of a firearm. The case proceeded to a jury trial.
On cross-examination, the prosecutor asked the appellant whether it was a fact that he was hired to "get rid of" the alleged victim. The appellant denied this suggestion. Defense counsel's objection was overruled and a motion for mistrial was denied.
Although the appellant raises several issues on appeal, we need only discuss one, to-wit: whether the prosecuting attorney committed reversible error by asking the appellant if he was hired to "get rid of" the alleged victim where no evidence was presented to support such questioning. We hold that this type of questioning was impermissible because the questioning was not relevant to the crimes charged and, furthermore, certainly was not supported by the evidence presented at trial.
In proving a set of facts, the prosecutor should avoid innuendos or insinuations and, instead, should rely on the testimony of the witnesses and the facts established in evidence. Bennett v. State, 316 So.2d 41 (Fla. 1975). In the present case, the prosecutor's suggestion that the appellant was hired to "get rid of" the alleged victim was highly prejudicial and completely irrelevant to the crimes charged or the evidence presented. See, e.g., Shorter v. State, 532 So.2d 1110 (Fla. 3d DCA 1988); Harris v. State, 447 So.2d 1020 (Fla. 3d DCA 1984); Malcolm v. State, 415 So.2d 891 (Fla. 3d DCA 1982); Glantz v. State, 343 So.2d 88 (Fla. 3d DCA 1977). We find this error to be so inflammatory that it destroyed the appellant's right to a fair trial.
The State argues that the trial court did not err in allowing this questioning because the appellant had opened the door on direct examination. We find the opposite to be the case.
Our review of the record does not reveal the appellant opening the door to this impermissible questioning. There was nothing in the record to support the prosecutor's contentions and suggestions of a "hitman" status. Accordingly, we reverse and remand for a new trial. Reversal on this point renders moot any discussion of the remaining issues raised by the appellant.
Reversed and remanded.