PER CURIAM.
Appellant was charged with and found guilty of one count of attempted murder and two counts of resisting arrest with violence. The trial court sentenced him to a term of life with no possibility of parole for twenty-five years. We vacate the sentence and remand for resentencing as appellant was neither charged with nor convicted of attempted murder of a law enforcement officer engaged in the lawful performance of his duties. See § 784.07(3), Fla.Stat. (Supp.1988).
Contrary to the state’s assertion that section 784.07(3) did not create a new crime, the defendant in Gonzalez v. State, 572 So.2d 999 (Fla. 3d DCA 1990), was formally charged with attempted first-degree murder of a law enforcement officer and convicted of aggravated assault on a law enforcement officer.
Furthermore, appellant responds that even if section 784.07(3) is construed as an enhancement statute, its elements still must be alleged in the information, the jury must be instructed on these elements, and the verdict must reflect a finding of guilt of attempted murder of a law enforcement officer before appellant can be sentenced pursuant to section 775.0825. Section 775.-0825, Florida Statutes (Supp.1988), states:
Attempted murder of law enforcement officer; penalty. — Any person convicted of attempted murder of a law enforcement officer as provided in s. 784.07(3) shall be required to serve no less than 25 years before becoming eligible for parole. Such sentence shall not be subject to the provisions of s. 921.001.
As appellant asserts, he was not convicted of attempted murder of a law enforcement officer, but of attempted first-degree murder with a firearm. According to the language of section 775.0825, a conviction pursuant to section 784.07(3) is a prerequisite to a sentencing under section 775.0825. Because appellant’s judgment does not reflect such a conviction, his sentence pursuant to section 775.0825 cannot stand. See also, for the purpose of analogy, State v. Rodriguez, 575 So.2d 1262, 1265 (Fla.1991).
GLICKSTEIN, WARNER and GARRETT, JJ., concur.