CAMPBELL, Judge.
Appellant challenges his judgment and minimum mandatory sentence of ten years as a habitual offender for the crime of robbery. We find merit in appellant’s contention that the trial court erred in allowing the State to cross-examine him regarding threats he allegedly made concerning a witness, and therefore reverse. This disposition necessarily renders moot appellant’s remaining issues concerning his sentencing as an habitual violent felony offender and the imposition of a public defender lien.
Prior to trial, a potential witness, Mr. McViekers, contacted the State and told them that appellant had threatened to kill another of the witnesses who was to testify against him in his robbery trial. The State contacted the defense and both parties questioned McViekers by phone. The defense moved in limine to preclude the State from presenting this testimony on the grounds that it was evidence of a prior bad act, and because it was prejudicial to appellant. The trial court denied appellant’s motion. For various reasons, McViekers did not appear for trial. During cross-examination of appellant, the prosecutor, over objection, questioned him about McViekers’ allegations. Although appellant denied ever talking to McViekers, the prosecutor continued to question him regarding statements he allegedly made. We conclude that the cross-examination of appellant was improper and constituted reversible error.
Evidence of other crimes is inadmissible where its sole relevancy is to attack the defendant’s character or to show the defendant’s propensity to commit a crime. § 90.404, Fla. Stat. (1995); State v. Vazquez, 419 So.2d 1088 (Fla.1982). Appellant admitted to shoplifting two steaks. His resistance after apprehension formed the basis of the robbery charge. Whether appellant was guilty of petit theft or robbery, however, was the close issue of fact to be determined by the jury. The questioning by the prosecutor regarding the alleged threats made by appellant was not relevant to any material fact related to the charge against appellant, and clearly implied that appellant had a propensity for violence. In a trial for robbery, we cannot say that such questioning was not prejudicial to appellant’s right to a fair trial. See Lawson v. State, 651 So.2d 713 (Fla. 2d DCA 1995); Gonzalez v. State, 572 So.2d 999 (Fla. 3d DCA 1990).
Accordingly, we reverse and remand for a new trial.
DANAHY, A.C.J., and THREADGILL, J., concur.