# Third District Court of Appeal

## State of Florida

Opinion filed March 29, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1592
Lower Tribunal No. M22-4539
_____

**Eric David Zangroniz,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Christine Bandin, Judge.

Carlos J. Martinez, Public Defender, and Nicholas Lynch, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before HENDON, GORDO and BOKOR, JJ.

BOKOR, J.

Eric Zangroniz appeals his conviction for one count of simple battery against his father, Julio Zangroniz. Eric's sole argument is that the trial court erred by overruling his objections to several improper comments and questions by the prosecutor. We agree that these comments were improper and not harmless, so we reverse and remand for a new trial.

The battery charge arose from a fight between Eric and Julio at Julio's home. Eric admitted pushing Julio to the ground and causing him to scrape his hand, but he claimed that Julio attacked him first and that he only pushed Julio in self-defense. There were no witnesses other than the two participants in the fight, and the only material dispute revolved around determining the initial aggressor. Eric claimed that Julio tried to grab him while he was standing in Julio's way during an argument, leading him to push Julio away and knock him down. Julio did not deny that he "raised his hands" against Eric during the argument, but he claimed that he was only trying to grab or block Eric's arm to prevent Eric from hitting him first and that Eric swatted his arm away before later charging him from a distance and knocking him down.

The State proffered testimony from two police officers who responded to the scene after the fight. Over the defense's objections, the State repeatedly questioned the officers about why they arrested Eric. The

2

questioning included how the officers determined Eric to be the initial aggressor. These questions, asked over objection, solicited responses that the officers determined Eric to be the initial aggressor based on their observation that Julio had an injury and Eric did not. The officers also bolstered their conclusion by adding, over objection, that Eric initially refused to come out of the house to speak with them when they arrived.

During closing arguments, the State emphasized the officers' testimony that Eric was the aggressor, as well as his initial refusal to cooperate. The prosecutor also described the officers' investigation, including their decision to arrest Eric, as "proper," to wit:

> [Prosecutor]: They investigated. They spoke to Julio Zangroniz. They spoke to Eric Zangroniz. And only one person was arrested in this case, members of the jury. They also said that Mr. Eric Zangroniz said that his dad pushed him, and was about to sock him. But members of the jury, they did their investigation. They properly did their investigation–
>
> [Defense Counsel]: Objection, Judge. Improper opinion.
>
> [Judge]: Overruled.
>
> [Prosecutor]: They did their investigation, and in the words of the defense, they wanted a proper investigation, and that's what they got. . . . And when that sergeant came on scene, the final determination of this investigation was to make an arrest. An arrest for domestic violence battery on Julio Zangroniz by Eric Zangroniz.

3

At one point, the State also mischaracterized the evidence by stating that Julio Zangroniz "was walking away from Eric" before the fight began, despite Julio's testimony indicating only that he had walked outside at some point prior to being pushed down. Following these comments, the jury rejected Eric's self-defense argument and returned a guilty verdict. This appeal followed.

We review improper prosecutorial comments for harmless error when preserved by contemporaneous objection, though in considering the prejudicial effect of such comments, we consider the cumulative effect of both objected and unobjected-to comments in context with the entire record. See, e.g., Johnson v. State, 177 So. 3d 1005, 1009 (1st DCA 2015); Brooks v. State, 762 So. 2d 879, 899 (Fla. 2000). The State, as the beneficiary of the errors, bears the burden of demonstrating that there is no reasonable possibility the errors contributed to the guilty verdict. Jackson v. State, 107 So. 3d 328, 342 (Fla. 2012).

The challenged comments here were both improper and harmful. First, the questioning of the officers about who they viewed as the "aggressor" improperly invaded the province of the jury by soliciting witnesses' opinions about the merits of Eric's self-defense claim, and ultimately his guilt or innocence. See Martinez v. State, 761 So. 2d 1074,

4

1079–80 (Fla. 2000) ("[A] witness's opinion as to the guilt or innocence of the accused is not admissible. . . . Further, there is an increased danger of prejudice when the investigating officer is allowed to express his or her opinion about the defendant's guilt. In this situation, an opinion about the ultimate issue of guilt could convey the impression that evidence not presented to the jury, but known to the investigating officer, supports the charges against the defendant."); Knowles v. State, 632 So. 2d 62, 65–66 (Fla. 1993) ("[A]llowing one witness to offer a personal view on the credibility of a fellow witness is an invasion of the province of the jury to determine a witness's credibility."); Jackson, 107 So. 3d at 341 (reversing for new trial due to admission of police interview footage that included statements of officers "expressing their conviction in Jackson's guilt").

Second, the comments on Eric's initial refusal to speak with the police, in the context presented, could be fairly interpreted as commenting on his pre-arrest silence. Where, as here, the defendant did not testify in a manner inconsistent with their prior silence, comments on a defendant's pre-arrest, pre-Miranda[1] exercise of their right to remain silent are impermissible. See State v. Smith, 573 So. 2d 306, 317 (Fla. 1990) ("Our cases have made clear that courts must prohibit all evidence or argument that is fairly susceptible of

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

5

being interpreted by the jury as a comment on the right of silence."); <u>Urbaniak v. State</u>, 241 So. 3d 963, 966 (Fla. 2d DCA 2018) ("Under the Florida Constitution, the State may not admit a defendant's prearrest, pre-<u>Miranda</u> silence as substantive evidence of guilt or when the defendant fails to testify <u>Reaser v. State</u>, 356 So. 2d 891, 892 (Fla. 3d DCA 1978) (articulating exception whereby defendant's pre-arrest silence "can be used at trial to impeach him after he has voluntarily taken the stand and offered testimony which is inconsistent with his earlier silence").

Third, the State's description of the officers' investigation and arrest as "proper" was itself improper. The prosecutor's statements served only to bolster the officers' testimony by vouching for their credibility. In context with the State's emphasis on Eric's arrest (and the fact that his father wasn't arrested), the statements also improperly bolstered the officers' testimony and permitted the officers to comment on Eric's presumed guilt without any firsthand knowledge. See <u>Gonzalez v. State</u>, 136 So. 3d 1125, 1141 (Fla. 2014) ("Improper bolstering occurs when the State places the prestige of the government behind the witness or indicates that information not presented to the jury supports the witness's testimony." (citation omitted)); <u>Johnson v. State</u>, 801 So. 2d 141, 142 (Fla. 1st DCA 2001) ("Although wide latitude is permitted in jury argument, it is improper for an attorney to express a

6

personal opinion as to the credibility of a witness. It is equally improper for the state to vouch for the credibility of a police officer by arguing that the jury should believe police officers solely because they are police officers."); Brooks, 762 So. 2d at 901–02 (finding improper vouching due to statements suggesting that State attorney's decision to seek death penalty indicated that "the facts in the case justify the State's giving maximum punishment under the law"); Brinson v. State, 153 So. 3d 972, 975 (Fla. 5th DCA 2015) ("It was improper for the prosecutor to reference the State's charging decision during opening statements because it implied that the prosecution would not have been commenced, and that the prosecutor personally would not have participated unless it had already been determined that the defendant was guilty." (quotation and citation omitted)); Landry v. State, 620 So. 2d 1099, 1101 (Fla. 4th DCA 1993) (finding that prosecutor's comments emphasizing police witness's "unblemished record," which was unsupported by evidence constituted improper bolstering and that, "[b]ecause this case came down to a swearing match between the officers and appellant's witness, the error cannot be considered harmless").

Fourth, the prosecutor's statements that Julio "was walking away" misrepresented and mischaracterized the evidence. While Julio's testimony did indicate that he exited the house at some point during the argument that

7

preceded the fight, no evidence indicated that he "was" in the process of walking away from Eric at the time Eric pushed him down. This statement materially bore on the merits of Eric's self-defense claim because it allowed the jury to infer that Julio was attempting to de-escalate the fight before Eric attacked him. See Rodriguez v. State, 210 So. 3d 750, 755 (Fla. 5th DCA 2017) ("Misrepresenting facts in evidence can amount to substantial error because doing so may profoundly impress a jury and may have a significant impact on the jury's deliberations. . . . This is particularly true when a prosecutor misrepresents evidence, because a jury generally has confidence that a prosecuting attorney is faithfully observing his obligation as representative of a sovereignty." (quoting Washington v. Hofbauer, 228 F.3d 689, 700 (6th Cir. 2000))); see also § 776.012(1), Fla. Stat. ("A person is justified in using or threatening to use force, except deadly force, against another when and to the extent that the person reasonably believes that such conduct is necessary to defend himself or herself or another against the other's imminent use of unlawful force. A person who uses or threatens to use force in accordance with this subsection does not have a duty to retreat before using or threatening to use such force.").

Lastly, we conclude that based on the circumstances of the case, these statements constitute prejudicial error. As the only witnesses who could

8

directly testify about the incident were Eric and Julio, the State's ability to rebut Eric's claim of self-defense turned entirely on Julio's credibility. Given the "he said, he said" nature of the evidence, any one of these improper statements could have tipped the scales in favor of Eric's guilt. See Bass v. State, 547 So. 2d 680, 682 (Fla. 1st DCA 1989) ("[I]n a two witness 'swearing match' where there is little or nothing to corroborate the testimony of the witnesses, witness credibility is pivotal and inappropriate prosecutorial comment which might be found to be harmless in another setting may become prejudicially harmful."); Shorter v. State, 532 So. 2d 1110, 1111 (Fla. 3d DCA 1988) (reversing and remanding for new trial where improper comments tended to undermine defendant's self-defense claim in "otherwise close case"). Therefore, we vacate the conviction and reverse and remand for Eric Zangroniz to receive a new trial.

Reversed and remanded.