# Third District Court of Appeal

## State of Florida

Opinion filed January 8, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2003
Lower Tribunal No. M21-2699
_____

**Melissa Quintanilla,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Christine Bandin, Judge.

Carlos J. Martinez, Public Defender, and Nicholas Lynch and John Eddy Morrison, Assistant Public Defenders, for appellant.

Ashley Moody, Attorney General, and Kayla Heather McNab, Assistant Attorney General, for appellee.

Before LINDSEY, MILLER and BOKOR, JJ.

PER CURIAM.

Melissa Quintanilla, found guilty after a jury trial of misdemeanor battery on the father of her child who came to pick up the child from her residence for his court-authorized time sharing, appeals her conviction based on improperly overruled objections at trial and cumulative error. The issue is whether Quintanilla is entitled to a new trial based on objected-to instances of improper comments by the prosecutor, as well as cumulative error. Among other issues raised on appeal, Quintanilla argues that the State misrepresented her mother's testimony and improperly bolstered the investigating officer's testimony both in the questioning of the officer on the stand, and in closing. Because we find this issue dispositive, entitling Quintanilla to relief, we reverse on that ground.

The father of Quintanilla's daughter, Michael Morales, came over to Quintanilla's home, which she shared with her parents and two children, to discuss custody of their daughter in common. Alcohol was involved. At some point, Morales demanded it was time for him to take the daughter and go. Things got heated, Quintanilla pushed Morales, and according to Quintanilla, Morales "went ape shit crazy," and the police were called. The investigating officer, Officer Bermudez, who was not an eyewitness to any battery or argument between the parties, arrived on the scene and spoke with both parties.

During the officer's examination by the State, there were a series of objections to the bolstering characterization of the officer's testimony, some sustained and some overruled. Instead of simply allowing the officer to describe the investigation, the State solicited answers to bolster the result of the investigation—specifically, that the investigation was thorough, and that Quintanilla's arrest resulted only after such a thorough investigation.

During closing, the State denigrated Quintanilla's mother's testimony regarding the fear she had for the safety of her daughter and granddaughter by implying she was coached and arguing that she testified that the father wasn't in the home (which was contradicted by her actual testimony). The State then continued its closing by bolstering the investigation and the officer's determination of probable cause by noting over objection that the officer has been doing his job for "two years, not for a day and a half. Not for a month and a half."

"We review improper prosecutorial comments for harmless error when preserved by contemporaneous objection, though in considering the prejudicial effect of such comments, we consider the cumulative effect of both objected and unobjected-to comments in context with the entire record." Zangroniz v. State, 358 So. 3d 827, 829–30 (Fla. 3d DCA 2023); see also Bass v. State, 547 So. 2d 680, 682 (Fla. 1st DCA 1989) ("[I]n a two witness

3

'swearing match' where there is little or nothing to corroborate the testimony of the witnesses, witness credibility is pivotal and inappropriate prosecutorial comment which might be found to be harmless in another setting may become prejudicially harmful."); Shorter v. State, 532 So. 2d 1110, 1111 (Fla. 3d DCA 1988) (reversing and remanding for new trial where improper comments tended to undermine defendant's self-defense claim in "otherwise close case"). The State, as the beneficiary of the errors, bears the burden of demonstrating that there is no reasonable possibility the errors contributed to the guilty verdict. Jackson v. State, 107 So. 3d 328, 342 (Fla. 2012). In context, and especially when reviewed in conjunction with the State's presentation in the closing argument, the State improperly bolstered the officer's investigation in this "otherwise close case."

Here, "the State's description of the officers' investigation and arrest as 'proper' was itself improper." Zangroniz, 358 So. 3d at 830. As in Zangroniz, in context with the fact that only the defendant was arrested and not the father, "[t]he prosecutor's statements served only to bolster the officers' testimony by vouching for their credibility . . . [and] improperly bolstered the officers' testimony and permitted the officers to comment on [the defendant's] presumed guilt without any firsthand knowledge." Id. Based on the improper bolstering and the mischaracterization of the mother's

4

testimony in closing, the State cannot show that there is no reasonable possibility that the errors identified did not contribute to the verdict. See id. at 831 ("Given the 'he said, he said' nature of the evidence, any one of these improper statements could have tipped the scales in favor of [defendant's] guilt." (citing Bass, 547 So. 2d at 682)). We therefore vacate the conviction and reverse for a new trial.

Reversed and remanded.