PER CURIAM.
The appellant was the defendant in the trial court. He had been charged with robbery, pleaded not guilty, and on 23 January 1970 was tried by a jury and found guilty. On the same date he was sentenced to sixty years at hard labor.
The information charged that the appellant by force, violence or putting John Lewis Winters into fear, stole from John Lewis Winters certain personal property, to-wit, money, contrary to F.S. 813.011, F.S.A.
At the trial John Lewis Winters testified that the defendant on 20 September 1969 while holding a gun on him took money from the cash register of a store in Broward County at which Mr. Winters was working.
Thereafter, the State put on testimony by Patrick Parent, W. E. Hardaway, Joyce Robinson, and Bill Mason, who testified to two other robberies allegedly committed by the defendant on 21 September 1969. The court admitted into evidence, over objection, two guns and a money bag which were related to the robberies of 21 September.
The appellant testified on his own behalf and denied any connection with the crime charged and also testified that he was frequently mistaken for another person whose name is Tommie Sherrard.
The sole point on appeal is whether or not it was reversible error for the trial court to have permitted the testimony relating to the two robberies on 21 September 1969.
The appellant cites to us Nickels v. State, 1925, 90 Fla. 659, 106 So. 479 and Boyett v. State, 1928, 95 Fla. 597, 116 So. 476, which stand for the general proposition that the admission of evidence of a similar crime is often harmful error. The appellant, however, admits that the Supreme Court has carved out certain exceptions to the general rule, but argues apparently that since there was only fourteen pages of testimony from Mr. Winters relative to the crime charged and about fifty pages of testimony by the other witnesses relative to the alleged robberies on the following day, the evidence as to collateral crimes was quantitatively too much to have been justified by the exception to the exclusionary rule. For this reason, the appellant contends that there was prejudicial error in the admission of the testimony as to the collateral crimes.
*632 In our opinion, such an argument does not demonstrate reversible error. Mr. Winters indicated in his testimony that he was the only person present at the time of the robbery; therefore, he is the only person who could have given direct testimony as to what occurred, aside from the defendant who denied any relationship to the robbery.
The state points out that Patrick Parent and W. E. Hardaway testified that they were both robbed on the following day by the defendant. A comparison of their testimony (together with that of corroborating witnesses Robinson and Mason) with that of Mr. Winters indicates that the defendant used the same or similar gun at the time of the later robberies and used a similar automobile. Thus it appears that the questioned evidence was admissible under the case of Williams v. State, Fla. 1962, 143 So.2d 484, 486, wherein the Supreme Court said:
“ * * * evidence pointing to the commission of another crime is admissible if it casts light upon the character of the crime under investigation by showing motive, intent, absence of mistake, common scheme, identity or a system or general pattern of criminality so that the evidence of the prior or subsequent offense would have a relevant or a material bearing on some essential aspect of the offense being tried.” (Emphasis added.),,
The evidence was admissible on the issue of defendant’s identity as the person who committed the crime charged.
Finally, even if the evidence was not admissible, its admission does not appear harmful in view of the eye witness testimony of Mr. Winters.
The judgment and sentence are affirmed.
WALDEN and REED, JJ., concur.
CROSS, C. J., dissents, with opinion.