356 So.2d 30 (1978)
Robert HAMILTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-809.
District Court of Appeal of Florida, Third District.
February 28, 1978.
Rehearing Denied March 31, 1978.
Bennett H. Brummer, Public Defender and Thomas G. Murray, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Ronald A. Dion, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and HENDRY and NATHAN, JJ.
PER CURIAM.
Robert Hamilton seeks reversal of his conviction for robbery and possession of a firearm as a result of his holding up a Chicken Unlimited Restaurant.
For his single point on appeal, Hamilton argues that the court erred in permitting the prosecution to elicit evidence of a robbery of another restaurant (Chuck's Fried Chicken) in which he was involved because such evidence served only to infer a propensity on his part to engage in criminal conduct. We cannot agree.
Evidence revealing other crimes is admissible if relevant and if it tends to show identity, common scheme or design, guilty knowledge, intent, etc. Williams v. State, 110 So.2d 654 (Fla. 1959); Drayton v. State, 292 So.2d 395 (Fla. 3d DCA 1974).
The record reflects the following similarities between the two robberies: Both chicken restaurants are fast food chains located within thirty blocks of one another on the same highway. The second robbery occurred within one day of the first, and both robberies were committed by use of a firearm placed in Hamilton's waistband. Thus, evidence of this second robbery was admissible to show a common scheme. Cf. Christie v. State, 246 So.2d 605 (Fla. 2d DCA 1971).
Moreover, even if the evidence of the second robbery was not admissible, the error would be harmless in view of the overwhelming eyewitness testimony identifying Hamilton as the perpetrator of the instant robbery. See Keel v. State, 243 So.2d 630 *31 (Fla. 4th DCA 1971); Gordan v. State, 288 So.2d 295 (Fla. 4th DCA 1974).
Affirmed.