410 So.2d 924 (1982)
Frank Emerson WILT, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-1595.
District Court of Appeal of Florida, Third District.
Filed March 16, 1982.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Calianne P. Lantz, Asst. Atty. Gen., for appellee.
Before BARKDULL, SCHWARTZ and BASKIN, JJ.
BASKIN, Judge.
During his trial for second-degree murder and possession of a firearm during the commission of a felony, arising from the shooting of James Yates following a fight in a barroom, defendant Wilt sought to establish that he killed Yates in self-defense. He failed to convince the jury, however, and upon conviction was sentenced to serve fifty years in the state penitentiary. This appeal ensued.
Wilt contends that the trial court erred when it denied his motion for mistrial based upon the state's improper cross-examination. During direct examination, Wilt admitted that he had previously been convicted of a crime. The prosecutor cross-examined Wilt asking, "[A]s a convicted felon you are not allowed to carry a gun; are you?" Defense counsel objected, but the objection was overruled. His motion for mistrial was denied. We reverse.
In our view, the question introduced evidence of another crime, that is, the possession of a firearm by a convicted felon, which was not material to the issues being tried and served only to establish criminal *925 propensity. While the fact that a defendant has previously been convicted of a crime is relevant to his credibility, once that admission has been obtained, further questioning must be viewed as an attempt to attack character. For nearly one hundred years, it has been the law in Florida that unless a defendant has placed his character in issue, such an attack deprives him of a fair trial and constitutes reversible error. Lewis v. State, 377 So.2d 640 (Fla. 1980); Young v. State, 141 Fla. 529, 195 So. 569 (1939); Mann v. State, 22 Fla. 600 (1886); Fla.Evid. Code, § 90.610, Fla. Stat. (1979).
Wilt took the stand to establish that the shooting occurred when the victim approached and threatened him with a piece of broken glass. Wilt admitted that he had a gun on his person and that he had been convicted of a crime. The state's attempt to undermine his character or to show a propensity to commit other offenses was irrelevant to any material fact in issue. Williams v. State, 110 So.2d 654 (Fla. 1959); Mooney v. State (Fla. 1st DCA 1982) (Case No. XX-243, opinion filed January 6, 1982).[1]
We reject the state's argument that if we find error we must deem it harmless because the testimony of other witnesses constituted overwhelming evidence of defendant Wilt's guilt. The testimony merely confirmed that Wilt shot Yates but did not refute his contention that he acted in self-defense.
The remaining point has been decided by State v. Monroe, 406 So.2d 1115 (Fla. 1981); State v. Hegstrom, 401 So.2d 1343 (Fla. 1981); section 775.021(4), Florida Statutes (1979).
Reversed and remanded for a new trial.
BARKDULL, Judge, dissenting.
I respectfully dissent. I agree that the question in regard to the defendant, as a convicted felon, being in possession of a gun was improper; however, under the facts in this case as shown by the overwhelming evidence[1] of the defendant's guilt, it would appear that the harmless error doctrine should be considered and the conviction and sentence of second degree murder should be affirmed. See: Gordon v. State, 288 So.2d 295 (Fla. 4th DCA 1974); Hamilton v. State, 356 So.2d 30 (Fla. 3d DCA 1978); Keel v. State, 243 So.2d 630 (Fla. 4th DCA 1974); Clark v. State, 378 So.2d 1315 (Fla. 3d DCA 1980); United States v. Mayo, 646 F.2d 369 (9th Cir.1980).
NOTES
[1] The defendant has not argued, nor do we address, the issue of the state's failure to comply with Florida Evidence Code, section 90.404(2), Florida Statutes (1979).
[1] One witness actually testified he saw a gun in the defendant's hand, and other witnesses did see the defendant raise his hand toward the deceased, heard the shot, and saw the deceased fall to the floor.