PER CURIAM.
Our review of the record and the law fails to demonstrate any merit to appellant’s points on appeal except as to appellant’s point one concerning the submission of the prosecutor’s trial brief to the jury during their deliberations. We reverse on that point and remand for a new trial.
At the conclusion of the trial of this case, the prosecutor’s trial brief containing the state’s entire case against the appellant somehow reached the jury during their deliberations, apparently at the time the various exhibits were handed the jury. The trial brief included, but was not limited to, various notes of the prosecutor, xeroxed cases and statutes, a list of exhibits and witnesses, and various other incriminating documents. In addition, the court’s bailiff observed at least one juror examining the contents of the trial brief in the deliberation room.
We are not of the opinion, nor do the circumstances suggest, that the trial brief reached the jurors through an intentional act of any party connected with the trial below. The inclusion of the trial brief was obviously unintended and inadvertent, although “assessing fault” or “placing blame” does not concern us here. We are, however, deeply concerned with an incurable violation of fundamental justice and fair play.
Whether or not one or more of the jurors were influenced by the inclusion of this brief is not readily apparent nor necessary to our decision. It clearly appears that at the very least, the jury was subjected to an extraneous influence which we consider fundamentally improper. State ex rel. Larkins v. Lewis, 54 So.2d 199 (Fla.1951). One of the most sacred and carefully protected elements of our system of criminal — or civil, for that matter — justice is the sanctity of an impartial jury that has not been infected by unlawful or improper influences. This is absolutely vital to the guarantee of a fair trial to an accused. The safeguarding of that ideal must be zealously guarded.
Accordingly, we reverse and set aside the conviction and sentence of the appellant and remand for a new trial.
OTT, C.J., and BOARDMAN and RYDER, JJ., concur.