471 So.2d 596 (1985)
Leon FINKLEA, Appellant,
v.
STATE of Florida, Appellee.
No. BA-260.
District Court of Appeal of Florida, First District.
June 13, 1985.
*597 Michael E. Allen, Public Defender, Andrew Thomas, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
John Edward Smith and appellant Leon Finklea were both charged with two counts of robbery with a firearm and were jointly tried. Leon Finklea separately appeals his conviction on these counts. We find the following issues have merit and reverse and remand:
(1) Whether the trial court erred in denying appellant's motion for mistrial following reference by a witness to another robbery during cross-examination by counsel for co-defendant Smith;
(2) Whether the trial court erred in finding the sentencing guidelines did not apply and in sentencing appellant without a scoresheet.
We do not address the remaining issues.
On January 2, 1984, two black males, one of whom had a revolver, robbed Rhymes Motor Company in Pensacola. Although one of the two victims identified John Edward Smith as one of the robbers, neither victim could identify appellant Finklea. The only testimony inculpating Finklea is the testimony of Jessie James Golden.
Golden, a State witness, testified that during a conversation he had with Smith and Finklea, that Finklea talked about Finklea's participation in the robbery. On cross-examination of Golden by co-defendant Smith's counsel the following occurred:
Q. When did they take you by the lot? You said they carried you by the lot, when?
A. On that Tuesday or that Wednesday.
Q. So when you gave that deposition back  to us over the telephone there, you told us a lie?
A. I didn't exactly tell no lie.
Q. What was it?
A. We went by the car lot on a Tuesday or Wednesday.
Q. But you told me, sir, it was a Friday.
A. We are talking about two different robberies.
Q. What two different robberies? I'm not talking about any robberies. I said, "When did they take you by the car lot?"
MR. TERRELL [Appellant's counsel]: Judge, can we approach the bench?
THE COURT: Yes. Sustain, you are getting into dangerous territory.
MR. TERRELL: Can we approach the bench?
THE COURT: Yes, sir.
Whereupon, Finklea's attorney promptly moved for a mistrial which was denied.
Witness Golden testified that he (Golden) had four or five previous felony convictions and admitted on cross-examination that there was a second-degree robbery charge pending against him in Alabama. Prior to the trial in this cause, Mr. Golden had been called by the State to testify about these same facts in a probation revocation hearing. When Golden was called, he initially refused to testify. The trial judge admonished Mr. Golden that, since he was not implicated in the crime, that he would be subject to contempt and imprisonment if he failed to testify. Thereupon, Golden testified and told of Finklea's involvement in the crime.
We find that the remark by State witness Golden as concerning two robberies, elicited by counsel for co-defendant, was unfairly prejudicial. This is especially true in light of the scant evidence in this case relating to Finklea.
Despite cautionary instructions, the introduction of a prior unrelated criminal act is too prejudicial for the jury to disregard. See Vasquez v. State, 405 So.2d 177 (Fla. 3d DCA 1981), approved in part, quashed in part, 419 So.2d 1088 (Fla. 1982). The failure of Finklea to ask for a cautionary instruction does not preclude review.
The fact that the remark was elicited by co-counsel does not lessen the prejudicial impact on the jury. See Sublette v. State, *598 365 So.2d 775 (Fla. 3d DCA 1979), appeal dismissed, 378 So.2d 349 (Fla. 1979), (comments by co-defendant's counsel on the defendant's silence). Although this determination of prejudice to appellant is dispositive, we note that Fla.R.Crim.P. 3.701 d.1. mandates the preparation of a sentencing guidelines scoresheet. Myrick v. State, 461 So.2d 1359 (Fla. 2d DCA 1984); Doby v. State, 461 So.2d 1360 (Fla. 2d DCA 1984).
REVERSED and REMANDED for a new trial.
ERVIN, C.J., concurs.
JOANOS, J., dissents with written opinion.