PER CURIAM.
The defendant was charged by information with three counts of armed robbery, one count of armed kidnapping, one count of possession of a firearm while engaged in the commission of a felony and one count of possession of a firearm by a convicted felon. Pursuant to a motion by the defendant, the convicted felon firearm count was severed. When the jury retired to deliberate at the close of the trial on the remaining counts, they were permitted to take with them a copy of the information. One page of the document contained a reference to the severed count. The jurors inquired of the court during their deliberations whether they should have been given the page containing the reference to this count. Defense counsel stated a curative instruction would be insufficient to cure the taint, and moved for a mistrial, which the court denied. Pursuant to the jury’s verdict of guilty as charged on all five counts, the court adjudicated the defendant guilty and imposed sentence. The defendant’s motion for new trial, again raising the issue of undue influence upon the jury from the improper reference to the severed count in the information submitted to them, was denied.
On appeal the defendant urges reversal of his conviction and sentences on the ground that the trial court erred in denying his motions for mistrial and for new trial after the jury inadvertently learned of the severed convicted felon charge, which could not properly have been introduced in evidence. We find merit in this contention and reverse.
It is clearly apparent from the record in this case that the jurors, having noted the reference to the severed convicted felon count in the information submitted to them, were subjected to an extraneous influence in their deliberations, which we hold was fundamentally improper. The law is well settled that where jurors cpnsider matters not in evidence, to the prejudice of a defendant, a new trial is mandated. Russ v. State, 95 So.2d 594, 601 (Fla.1957); Meixelsperger v. State, 423 So.2d 416 (Fla. 2d DCA 1982); Nelson v. State, 362 So.2d 1017 (Fla. 3d DCA 1978). Accordingly, we reverse the conviction and sentences and remand for a new trial.
Reversed and remanded for a new trial.