PER CURIAM.
This is an appeal by the respondent J.P. from a final order after a non-jury trial, which order withheld a juvenile delinquency adjudication and imposed a term of community control for the offense of trespassing on school property after warning. We reverse the final order under review and remand the cause for new trial upon a holding that the trial court committed reversible error in admitting evidence at trial that the respondent had attacked a school teacher in a prior incident. We conclude that (a) the sole relevance of this testimony was to attack the character of the respondent, thus making such testimony inadmissible in evidence, Coler v. State, 418 So.2d 238, 239 (Fla.1982), cert. denied, 459 U.S. 1127, 103 S.Ct. 763, 74 L.Ed.2d 978 (1983); accord Jackson v. State, 451 So.2d 458,461 (Fla.1984); Drake v. State, 400 So.2d 1217, *754 1219 (Fla. 1981); Periu v. State, 490 So.2d 1327, 1328 (Fla. 3d DCA 1986); Diaz v. State, 467 So.2d 1061, 1062 (Fla. 3d DCA 1985); Malcolm v. State, 415 So.2d 891, 892 (Fla. 3d DCA 1982); Paul v. State, 340 So.2d 1249, 1250 (Fla. 3d DCA 1976), cert. denied, 348 So.2d 953 (Fla.1977); Drayton v. State, 292 So.2d 395, 396 (Fla. 3d DCA), cert. denied, 300 So.2d 900 (Fla.1974); § 90.404(2)(a), Fla.Stat. (1987), and (b) the admission of this devastating testimony cannot be said to be harmless, and was, to the contrary, extremely prejudicial to the respondent. Straight v. State, 397 So.2d 903, 908 (Fla.), cert. denied, 454 U.S. 1022, 102 S.Ct. 556, 70 L.Ed.2d 418 (1981); accord Keen v. State, 504 So.2d 396, 401 (Fla.1987); Peek v. State, 488 So.2d 52, 56 (Fla.1986); Bricker v. State, 462 So.2d 556, 559 (Fla. 3d DCA 1985); Rolle v. State, 431 So.2d 326, 327-28 (Fla. 3d DCA 1983); Harris v. State, 427 So.2d 234, 235 (Fla. 3d DCA 1983); Wilt v. State, 410 So.2d 924, 925 (Fla. 3d DCA 1982); Vazquez v. State, 405 So.2d 177, 179 (Fla. 3d DCA 1981), approved in part, quashed in part, 419 So.2d 1088 (Fla.1982). We have not overlooked the state’s valiant arguments to the contrary, but are not persuaded thereby.
Because of the result we reach in this case, it is unnecessary to reach the respondent’s second point on appeal. The final order under review is therefore reversed, and the cause is remanded to the trial court for a new trial.
Reversed and remanded.