605 So.2d 1329 (1992)
Roy Lamare DAWKINS a/k/a Willie Dawkins, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00509.
District Court of Appeal of Florida, Second District.
October 14, 1992.
Dwight M. Wells, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
PATTERSON, Judge.
Roy Dawkins challenges his judgment and sentence for aggravated battery with a firearm and argues that evidence of a collateral uncharged crime was illegally interjected into the trial and requires reversal. We agree.
The state charged Dawkins with attempted first-degree murder in the shooting of Reginald Mosley. At trial, Dawkins testified and explained that he acted in self-defense. During cross-examination, the prosecutor asked Dawkins about his prior felony conviction. Dawkins responded that he had one felony conviction. The prosecutor then asked, "You're not supposed to have a firearm, are you, Mr. Dawkins?" The defense objected, and the trial court overruled the objection. Out of the hearing of the jury, the defense moved for a mistrial, and the court denied the motion.
During closing argument, the prosecutor stated that Dawkins was a convicted felon. *1330 The prosecutor then went on to emphasize that, as a convicted felon, Dawkins was "[o]ne that is not supposed to have a firearm." The trial court denied defense counsel's motion for mistrial. The jury found Dawkins guilty of the lesser-included offense of aggravated battery with a firearm. The trial court sentenced Dawkins to a minimum mandatory three years in prison, followed by twelve years' probation.
As in Wilt v. State, 410 So.2d 924 (Fla. 3d DCA 1982), evidence of a collateral uncharged crime, possession of a gun by a convicted felon, denied Dawkins a fair trial. The state contends that reversal is not required because the prosecutor never got an answer to the objectionable question. The mere asking of the question, however, pointed out to the jury that Dawkins was unlawfully carrying a firearm as a convicted felon. This placed his character in issue, Wilt, 410 So.2d at 925, which was especially prejudicial because of his self-defense argument. The jury would be less likely to believe Dawkins was defending himself if they knew he had committed other unlawful acts. In addition, the prosecutor emphasized in closing argument that, as a convicted felon, Dawkins was not allowed to have a firearm.
Contrary to the state's argument, we cannot deem the error harmless. The state failed to prove beyond a reasonable doubt that the error did not contribute to the verdict. Dawkins testified that he acted in self-defense, while Mosley testified that Dawkins was the aggressor. Dawkins testified that he grabbed his gun when he saw Mosley coming toward him. The state points to the testimony of David Alexander to contradict Dawkins' account of the circumstances preceding the shooting. Alexander testified that "when I saw Dawkins walk down the alley with the gun then I left. And that's all I know." Alexander did not witness the actual shooting, and we do not find the evidence to be overwhelming, as the state suggests.
In Wilt, the defendant was charged with second-degree murder and claimed that he acted in self-defense. There, the prosecutor also brought up the fact that Wilt was a convicted felon who was not allowed to carry a firearm. In reversing the defendant's conviction, the Wilt court rejected the state's harmless error argument. The court determined that the evidence merely showed that the defendant shot the victim, "but did not refute his contention that he acted in self-defense." 410 So.2d at 925.
Likewise, under the disputed facts surrounding the shooting in this case, we cannot characterize the error as harmless. Thus, we reverse Dawkins' judgment and sentence and remand the cause for a new trial.
Reversed and remanded.
PARKER, A.C.J., and ALTENBERND, J., concur.