736 So.2d 1217 (1999)
David Robert CORNATEZER, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2480.
District Court of Appeal of Florida, Fifth District.
May 28, 1999.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
*1218 ANTOON, J.
David Cornatezer appeals his judgments and sentences which were entered by the trial court after a jury found him guilty of committing the crimes of burglary of a dwelling, grand theft, and dealing in stolen property.[1] He argues that the trial court erred in denying his motion for mistrial. We agree. Accordingly, we reverse Mr. Cornatezer's judgments and sentences and remand this matter for a new trial.
During trial, the state called Detective Dave Gallant to testify concerning his investigation of Mr. Cornatezer's alleged crimes. Detective Gallant stated that he interviewed Mr. Cornatezer during his investigation. When the prosecutor asked whether Mr. Cornatezer had made any statements during the interview, Detective Gallant responded:
I asked him specific events. I Mirandized him during the investigation. I asked him about the burglary. He made the statement he didn't do the burglary. I asked him specifically about the gun and then after I told him about the gun, he said that he stole the gun or he sold the gun. I told him I had a receipt. I said, `You know you are a convicted felon.'
Defense counsel immediately objected, the trial court sustained the objection, and issued a curative instruction to the jury to disregard Detective Gallant's improper remark regarding Mr. Cornatezer's prior unrelated criminal activity. Defense counsel then moved for mistrial arguing that the trial court's curative instruction was not sufficient to cure the harm caused by Detective Gallant's improper comment. The trial court denied the motion. We reverse this ruling.
A motion for mistrial should be granted when it is necessary to ensure that the defendant receives a fair trial. See Power v. State, 605 So.2d 856, 861 (Fla.1992), cert. denied, 507 U.S. 1037, 113 S.Ct. 1863, 123 L.Ed.2d 483 (1993). A mistrial is appropriate where the error complained of is so prejudicial that it vitiates the entire trial. See Loehrke v. State, 722 So.2d 867, 870 (Fla. 5th DCA 1998).
Evidence of any crime committed by a defendant, other than the crime for which the defendant is on trial, is inadmissible in a criminal case when its sole relevance is to attack the character of the defendant. See Vazquez v. State, 405 So.2d 177, 179 (Fla. 3d DCA 1981), quashed in part on other grounds, 419 So.2d 1088 (Fla.1982). The prospect of the state submitting evidence to the jury that a defendant has been previously convicted of committing an unrelated crime is often so vital to the outcome of a trial that it is the focus of defense counsel's trial strategy. For example, in order to avoid the likely emphasis that jurors will place on such evidence, defendants often decline to exercise their right to testify so that evidence of their prior criminal conduct cannot be introduced by the state. The improper introduction of evidence concerning the defendant's prior criminal history is oftentimes too prejudicial for the jury to disregard, notwithstanding the issuance of a curative instruction. See Finklea v. State, 471 So.2d 596, 597 (Fla. 1st DCA 1985).
Here, Mr. Cornatezer's right to receive a fair trial was compromised by Detective Gallant's improper comment because the comment placed Mr. Cornatezer's character in issue. See Wilt v. State, 410 So.2d 924, 925 (Fla. 3d DCA 1982). Character was a central issue in this case because the defense case centered on the credibility of Mr. Cornatezer, who gave exculpatory statements to the police, while the state's case relied on the credibility of Mr. Cornatezer's roommate, who testified that Mr. Cornatezer had committed the crimes. Defense counsel's theory was that the roommate had committed the crimes alleged. The court's curative instruction could not "unring the bell" with regard to *1219 the disclosure of Mr. Cornatezer's past criminal history, and the state cannot prove beyond a reasonable doubt that the disclosure by Detective Gallant that Mr. Cornatezer had a previous unrelated conviction did not contribute to the jury's verdict. See Dawkins v. State, 605 So.2d 1329, 1330 (Fla. 2d DCA 1992). Accordingly, we must reverse Mr. Cornatezer's judgments and sentences and remand this matter to the trial court for a new trial.[2]
JUDGMENTS and SENTENCES REVERSED; CAUSE REMANDED FOR NEW TRIAL.
GOSHORN and HARRIS, JJ., concur.
NOTES
[1] §§ 810.02; 812.014; 812.019, Fla. Stat. (1997).
[2] Our determination that Mr. Cornatezer's convictions must be reversed renders moot his two claims of error regarding his sentences.