868 So.2d 643 (2004)
Robert Earl BROOKS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-833.
District Court of Appeal of Florida, Second District.
March 17, 2004.
James Marion Moorman, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Robert Earl Brooks appeals his conviction for aggravated battery with a deadly weapon. He contends that the trial court should have granted his motion for mistrial after the alleged victim, his former wife, testified that Brooks was "sent back to prison" following a prior incident of domestic violence during which she shot Brooks twice. We agree with Brooks that this error was not harmless and that the trial court abused its discretion in denying the motion for mistrial. Therefore, we reverse Brooks' judgment and sentence, and we remand for a new trial.
The State charged Brooks with two counts of aggravated battery with a deadly weapon, to wit, a knife. The alleged victims were Rosa Brookins, Brooks' former wife, and Aquawana Brooks, their sixteen-year-old daughter. The incident occurred at Rosa's home where Brooks occasionally resided. Rosa testified that after she and *644 Brooks had a disagreement, he took a steak knife from a kitchen drawer and stabbed her three times. Aquawana, who had been in another room when the incident began, came to her mother's aid and stabbed Brooks with a steak fork. In a statement he made to police after the incident, Brooks contended that Rosa was the aggressor and that he had acted in selfdefense. Brooks said that after Rosa initiated an attack on him with the knife, he struggled with her for possession of it. In the ensuing melee, Rosa and Aquawana were both cut. Brooks said that he also sustained a cut to his finger in the course of trying to wrest the knife from Rosa.
Brooks' counsel cross-examined Rosa at length about a prior incident of domestic violence in which Rosa had shot Brooks twice. Defense counsel suggested that on the prior occasion, Rosa "got away with it." On redirect, the prosecutor elicited a lengthy explanation of the prior incident from Rosa and why she believed she had shot Brooks in self-defense. During the prosecutor's redirect examination of Rosa, the following exchange occurred:
Q. Did the police investigate this?
A. Yes. I was never arrested, never had a mug shot taken, never fingerprinted. I had to give a statement, and the police brought me back home.
Q. Okay. Did the defendant get charged in that case?
A. A few months later, he was sent back to prison.
Brooks' counsel promptly objected and moved for a mistrial on account of Rosa's nonresponsive answer about Brooks' prior criminal history. Brooks' counsel also explained to the trial court that the reason Brooks went back to prison was unrelated to the shooting incident. The prosecutor did not dispute defense counsel's assertion that the reason for Brooks' return to prison was unrelated to the prior incident of domestic violence. Instead, the prosecutor suggested that a curative instruction was sufficient to cause the jury to disregard Rosa's statement.
The trial court initially reserved ruling on the motion for mistrial but did give the jury a cautionary instruction directing them to ignore Rosa's nonresponsive answer. Brooks' counsel renewed her motion for mistrial later in the trial, and the trial court ultimately denied it.
Brooks testified at trial in support of the defense theory that Rosa was the aggressor in the incident and that he had acted only in self-defense. He was able to explain to the jury that he was not charged with any crime as a result of the prior incident of domestic violence with Rosa. Nevertheless, Brooks admitted that he had two prior felony convictions.
The jury acquitted Brooks of committing an aggravated battery on Aquawana but found him guilty as charged of committing an aggravated battery on Rosa. Brooks filed a motion for new trial that the trial court denied. The trial court sentenced Brooks to fifteen years in prison as a prison releasee reoffender.
Rosa's nonresponsive answer to the prosecutor's question implied that Brooks had been sent to prison twice once in connection with a prior incident of domestic violence in which she had shot him twice and had not been arrested. This testimony was improper and unfairly prejudicial to Brooks. "Evidence of any crime committed by a defendant, other than the crime for which the defendant is on trial, is inadmissible in a criminal case when its sole relevance is to attack the character of the defendant." Cornatezer v. State, 736 So.2d 1217, 1218 (Fla. 5th DCA 1999); see also Dawkins v. State, 605 So.2d 1329, 1330 (Fla. 2d DCA 1992); Garvey v. State, 754 So.2d 130 (Fla. 3d DCA *645 2000); J.P. v. State, 546 So.2d 753 (Fla. 3d DCA 1989); Finklea v. State, 471 So.2d 596, 597 (Fla. 1st DCA 1985). Thus the question presented to us is whether Rosa's nonresponsive remarkconsidered in the light of the trial court's cautionary instruction to the jurycan be deemed harmless error.
Reviewed for abuse of discretion, a motion for mistrial should be granted only when the error is so prejudicial as to vitiate the entire trial. Overton v. State, 801 So.2d 877, 897 (Fla.2001). In Henderson v. State, 789 So.2d 1016, 1018 (Fla. 2d DCA 2000), we said: "The improper admission of evidence concerning a defendant's prior criminal history is frequently too prejudicial for the jury to disregard, regardless of any curative instruction given by the trial court. When any curative instruction would be insufficient, the trial court should grant a mistrial." (Citation omitted.) See also Finklea, 471 So.2d at 597; Vazquez v. State, 405 So.2d 177, 179 (Fla. 3d DCA 1981), approved in part, quashed in part, 419 So.2d 1088 (Fla.1982).
In this case, after defense counsel objected and moved for a mistrial, the trial court gave the following curative instruction to the jury: "Members of the jury, that last statement from the witness was nonresponsive to any question, also beyond this witness's knowledge[;] therefore, that answer is stricken from the record. You must ignore it." After a thorough review of the record, we conclude that the State has not met its burden of showing beyond a reasonable doubt that Rosa's statement concerning Brooks' prior criminal history did not contribute to the jury's verdict of guilt. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). Three reasons support our conclusion.
First, under the circumstances of this case, we think the curative instruction was likely to be ineffective. The declaration that Rosa's nonresponsive statement was "beyond this witness's knowledge" could not ameliorate the statement's prejudicial effect. Whether Brooks went to prison following the prior incident of domestic violence was a fact concerning which the jury could reasonably assume that Rosa had personal knowledge. Rosa made a statement of fact; she had not offered speculation about a matter unknown to her. In view of the violent nature of both incidents of domestic violence and Brooks' defense of self-defense to the aggravated battery charge arising from the more recent of the two events, the jury had reason to believe that evidence of Brooks' prior criminal behavior was reliable and relevant to the crime charged. Thus improper evidence of Brooks' prior criminal behavior could not be cured by a cautionary instruction to the jury. See Henderson, 789 So.2d at 1018-19.
Second, evidence of Brooks' prior criminal behavior (incorrectly linked to the prior incident of domestic violence) inevitably cast doubt upon Brooks' theory of selfdefense. Rosa and Brooks presented opposing and uncorroborated accounts concerning who was the aggressor in the stabbing incident. Brooks gave the police a taped interview in which he said that Rosa attacked him with the steak knife and that she was stabbed while he was defending himself. In Dawkins, 605 So.2d 1329, the defendant, who was charged with attempted first-degree murder, explained that he shot the victim in self-defense. During cross-examination of the defendant and in closing argument, the prosecutor improperly suggested that the defendant committed the crime of unlawful possession of a firearm by a convicted felon, a collateral uncharged crime. The trial court denied defense counsel's motions for mistrial. We said that merely asking the question about the uncharged crime placed the defendant's *646 character in issue "which was especially prejudicial because of his self-defense argument." Id.at 1330. Because the facts on the issue of self-defense were disputed and the jury would be less likely to believe the defendant was defending himself if the jury knew he had committed other unlawful acts, we held that the error could not be deemed harmless. Id. Similarly, the error in this case cannot be deemed harmless because the jurors would be less likely to believe that Brooks was defending himself if they believed that he had committed acts in a prior incident of domestic violence that had caused him to be sent back to prison.
Finally, Rosa's nonresponsive statement cannot be considered harmless because it appears to have had a substantial negative impact on the defense trial strategy. During opening statements, the prosecutor announced that the State would play Brooks' tape-recorded police interview for the jury. In that interview, Brooks had given his version of the facts supporting a theory of self-defense. Defense counsel's opening statement indicates an intention to rely on the tape-recorded statement in support of the self-defense theorynot in-court testimony from Brooks. By relying on both the tape-recorded interview and cross-examination of Rosa about her prior shooting of Brooks, defense counsel could have presented a colorable case for self-defense without having Brooks testify. This strategy would have avoided exposing Brooks to impeachment concerning his two prior felony convictions.
The denial of the motion for mistrial necessitated a substantial shift in the defense strategy. Defense counsel would arguably have been remiss in the discharge of her professional responsibility if she had not put Brooks on the stand to refute the unmistakablebut inaccurateimplication in Rosa's statement that Brooks "was sent back to prison" because of his criminal behavior in connection with the prior incident of domestic violence. Nevertheless, having Brooks testify exposed him to impeachment concerning his two prior felony convictions. Absent Rosa's nonresponsive statement, Brooks would likely have chosen not to testify in his own behalf. Under the circumstances of this case, the negative impact of the evidence concerning Brooks' prior criminal behavior on the defense trial strategy militates against a finding of harmless error.
For these reasons, the trial court erred in failing to grant the motion for mistrial. The judgment and sentence imposed upon Brooks must be reversed and the case remanded for a new trial.
Reversed and remanded for a new trial.
CASANUEVA and CANADY, JJ., concur.