972 So.2d 1088 (2008)
Benny MORTON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-4294.
District Court of Appeal of Florida, Fifth District.
January 25, 2008.
James S. Purdy, Public Defender, and Meghan Ann Collins, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
Morton was convicted, after a jury trial, of sale of cocaine. The State's primary witness was a confidential informant who had agreed to provide assistance to law enforcement after his own arrest for possession of cocaine. The confidential informant testified that he purchased two pieces of crack cocaine from Morton. The transaction occurred at a street corner with the confidential informant remaining in his car. The police officers supervising the confidential informant were not close enough to the intersection to observe the actual exchange. Although the confidential informant wore a wire, the recorded conversation was largely inaudible or indiscernible. The money allegedly given to Morton by the confidential informant was not recovered as Morton was not arrested until a later date.
During the confidential informant's testimony, the following colloquy occurred:
PROSECUTOR: Can you tell the jury a little bit about how it came about that you thought you could buy some drugs from this particular person?
WITNESS: It was very clear that, you know [Morton] was selling drugs locally, and a lot of folks knew that, and I was able to have contact . . .
Defense counsel immediately objected and, out of the presence of the jury, moved for a mistrial. The trial court declined to grant a mistrial, instead instructing the jury to disregard the witness' answer. Morton renewed his motion for mistrial at *1089 the close of the State's case and immediately prior to closing arguments.
The sole issue on appeal is whether the trial court erred in denying Morton's motion for mistrial. The standard of review for a denial of a motion for mistrial is abuse of discretion. Goodwin v. State, 751 So.2d 537 (Fla.1999). A motion for mistrial should be granted when it is necessary to ensure that a defendant receives a fair trial. Power v. State, 605 So.2d 856 (Fla.1992), cert. denied, 507 U.S. 1037, 113 S.Ct. 1863, 123 L.Ed.2d 483 (1993). When a jury is improperly informed of a defendant's prior criminal activity, a curative instruction has frequently been found to be insufficient to preserve a defendant's right to a fair trial. See, e.g., Coverdale v. State, 940 So.2d 558 (Fla. 2d DCA 2006) (mistrial should have been granted after witness improperly commented that defendant had previously tried to molest witness' daughter); Brooks v. State, 868 So.2d 643 (Fla. 2d DCA 2004) (mistrial should have been granted after witness improperly commented that defendant had been "sent back to prison"); Henderson v. State, 789 So.2d 1016 (Fla. 2d DCA 2000) (mistrial should have been granted after witness improperly commented that it appeared that defendant had committed prior robberies); Cornatezer v. State, 736 So.2d 1217 (Fla. 5th DCA 1999) (mistrial should have been granted after witness improperly commented that defendant was convicted felon).
Here, the witness improperly advised the jury that "a lot of folks" knew that Morton was a drug dealer. Evidence that a defendant has previously committed a similar crime is particularly prejudicial because of the risk that a juror will be predisposed to believe that the defendant is guilty of the charged offense. Nickels v. State, 90 Fla. 659, 106 So. 479, 488 (1925). A curative instruction was simply insufficient to "unring the bell." Cornatezer, 736 Sold at 1218-19.
REVERSED and REMANDED for a new trial.
GRIFFIN and ORFINGER, JJ., concur.