PER CURIAM.
Courtney Jones appeals his life sentences for first-degree murder and armed robbery with discharge of a firearm, claiming that the four references to his prior convictions during his trial require a new trial despite the curative instruction that was given. We agree, and reverse and remand for a new trial.
During trial, testimony adduced by the State informed the jury on four different occasions that Jones had a prior felony record. The statements included: a witness’s testimony that he met Jones while they were incarcerated together at the Spring Hill Road, Department of Corrections; a videotaped interrogation played to the jury, over objection, where Jones stated he was on probation and mentioned he had other uncharged and charged crimes; and two references by an investigator who testified that Jones was a convicted felon and would be possibly charged with possession of a firearm by a convicted felon.
Jones objected to each reference, but strategically declined a curative instruction on the first reference as being “sort of like putting the fire out with gasoline.” He moved for mistrial based on all the references to prior crimes, but the motions were denied. The cumulative references apparently had an impact on the jury, which during deliberations asked whether “[Jones] was on probation when he turned himself in. What for? (What offense(s). [sic].” This prompted the trial judge to attempt to cure the jury’s consideration of the improper references by giving an extemporaneous instruction to disregard any implication that Jones had been convicted of crimes in the past. Ultimately, Jones was found guilty and sentenced to two *201 concurrent life sentences. Jones’s theory of defense was that another man had committed the murder.
We recognize that mistrial is a drastic remedy to be granted only when an error is so prejudicial as to vitiate the entire trial, and only when necessary to ensure the defendant receives a fair trial. See Salazar v. State, 991 So.2d 364, 372 (Fla.2008); Power v. State, 605 So.2d 856, 861 (Fla.1992). In this case, we believe both conditions have been met.
Here, the multiple improper references to Jones’s prior convictions and the jury’s question about them establish that Jones was severely prejudiced in his defense. See Everett v. State, 124 So.3d 938 (Fla. 1st DCA 2013) (unobjected to multiple references that the defendant moved and did not comply with registration requirements in a failure to report case was presumptively harmful and constituted fundamental error); Gardner v. State, 54 So.3d 1024 (Fla. 1st DCA 2011) (comment that “he was selling drugs” improperly implied prior crimes); Ward v. State, 559 So.2d 450 (Fla. 1st DCA 1990) (reversing for new trial where witness stated defendant had been in prison and released).
The trial judge’s curative instruction in response to the jury’s question during their deliberations could not ameliorate the cumulative and obvious impact of the improper references. See, e.g., Cztibak v. State, 570 So.2d 925 (Fla.1990) (inadvertent admission of collateral crimes warranted reversal where witness stated defendant was escaped convict; curative instruction could not have overcome the error). Indeed, “improper admission of evidence concerning a defendant’s prior criminal history is frequently too prejudicial for the jury to disregard, regardless of any curative instruction given by the trial court. When any curative instruction would be insufficient, the trial court should grant a mistrial.” Brooks v. State, 868 So.2d 643, 645 (Fla. 2d DCA 2004) (citing Henderson v. State, 789 So.2d 1016, 1018 (Fla. 2d DCA 2000)). See also Daw-kins v. State, 605 So.2d 1329, 1329-30 (Fla. 2d DCA 1992) (question suggesting felony conviction, coupled with assertion that defendant was a convicted felon during closing argument, required mistrial); Banos v. State, 521 So.2d 302, 303 (Fla. 3d DCA 1988) (jurors made inquiry to the judge during their deliberations, making clear they “were subjected to an extraneous influence in their deliberations, which we hold was fundamentally improper. The law is well settled that where jurors consider matters not in evidence, to the prejudice of a defendant, a new trial is mandated.”) Based on applicable precedents, reversal is required.
REVERSED and REMANDED.
BENTON, RAY, and MAKAR, JJ., concur.