ON MOTIONS FOR REHEARING, ISSUANCE OF WRITTEN OPINION, CERTIFICATION OF CONFLICT, AND REHEARING EN BANC
BILBREY, J.
Appellant, pursuant to rules 9.330(a) and 9.331(d), Florida Rules of Appellate Procedure, moves for rehearing, issuance of a *165 •written opinion, certification of -conflict •with decisions of other district courts of appeal, and rehearing en banc. We deny all of Appellant’s motions other than his motion for issuance of a written opinion. We withdraw the prior per curiam affirmance and substitute in its place the following written opinion which addresses the only issue raised in Appellant’s motions. We affirm the other issues in the initial brief raised by Appellant -without comment.
Following a trial, Appellant was convicted of three counts of sexual battery on a child less than 12 years of age, lewd or lascivious molestation on a child less than 12 years of age, lewd or lascivious exhibition, and battery of a child. The trial court imposed lawful sentences following trial including concurrent life sentences for each of the sexual battery convictions.[1] Appellant contends that the trial court erred by denying a motion for mistrial made by his trial counsel after the eight-year old child victim interacted with her family members during a break in the victim’s testimony. We disagree and affirm.
The child victim initially was somewhat equivocal in her testimony. She testified that Appellant touched her with his hand in her “privates” which she uses to “pee” and that the touching occurred under her clothes. However she denied or expressed no memory of other allegations she had previously made against Appellant.
The State asked for a recess. Appellant’s counsel expressed concern about the victim discussing her testimony with anyone during the recess. After the recess the Assistant State Attorney positioned herself so that the victim would look at her and not the Appellant. The State continued its direct examination of the victim and the victim testified, consistent with her prior statements, to all of the offenses committed by Appellant.
On cross examination, the victim was asked about her communications with anyone during the recess. The victim testified that she talked with someone about how important it was to remember, but did not know who she talked to. The victim also stated that it was her mother who spoke to her outside the courtroom. The victim answered affirmatively when asked if her mother said it was important for her, in the words of defense counsel, to “say this stuff.”
After the victim concluded her testimony, Appellant moved for a mistrial. The evidence as to what happened during that break varied. The State proffered the testimony of its victim’s advocate, who testified she was with the victim during break and that the victim did not speak with anyone about the case, but that the victim’s mother did give her a hug and said “I love you.” The mother testified that she only said “I love you” while giving a hug to the victim. She thought her mother (the child’s grandmother) also gave a hug and said “I love you.” But, the victim’s advocate testified that she did not think the child hugged her grandmother and was unsure that anything was said by the grandmother. The trial court denied the motion for mistrial.
Generally, the standard of review for a ruling on a motion for mistrial is abuse of discretion. Perez v. State, 919 So.2d 347, 363 (Fla. 2005) (citing Goodwin v. State, 751 So.2d 537, 546 (Fla. 1999)). “A motion for mistrial should be granted only *166 when the error is deemed so prejudicial that it vitiates the entire trial, depriving the defendant of a fair proceeding.” Jennings v. State, 123 So.3d 1101, 1125 (Fla. 2013) (quoting Floyd v. State, 913 So.2d 564, 576 (Fla. 2005)). A mistrial “is a drastic remedy to be granted only when an error is so prejudicial as to vitiate the entire trial, and only when necessary to ensure the defendant receives a fair trial.” Jones v. State, 128 So.3d 199 (Fla. 1st DCA 2013); see also Salazar v. State, 991 So.2d 364, 372 (Fla. 2008); Power v. State, 605 So.2d 856, 861 (Fla. 1992).
In essence, the claimed error which was the basis for the mistrial motion was a violation of the rule of sequestration. “The rule of sequestration is intended to prevent the shaping of testimony by witnesses.” Dumas v. State, 350 So.2d 464, 465 (Fla. 1977) (citing Geders v. United States, 425 U.S. 80, 87, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976)). Enforcement of the rule is a matter for the trial court’s discretion, and the rule should not be enforced in such a manner that it produces injustice. Lott v. State, 695 So.2d 1239 (Fla. 1997).
There is no doubt that it was improper for the child victim to be allowed to interact with her mother and grandmother (both of whom were also State witnesses) during the brief break in the proceedings. Even the trial court conceded such. Certainly the defense was prejudiced by the change in the child’s testimony. But, Appellant has not established that the change in testimony was the result of anything said or done during the break. That is, the Appellant has not established that the prejudice he experienced was a result of the error in allowing the child to interact with her mother and grandmother mid-trial.
The mother and grandmother, as State witnesses, were not present in the courtroom during the child’s testimony as the rule of sequestration had been invoked.[2] They would not have known, therefore, that the child had been initially non-responsive to the prosecutor’s questions— unless the victim advocate told the mother and grandmother such, and Appellant does not allege such conduct by the victim advocate. Because there is no basis for finding that the mother and child colluded during the break and no basis for concluding the child fabricated her testimony (especially given the fact that her trial testimony after the recess was consistent with what the child previously told the Child Protective Team), there was no abuse of discretion in the denial of a mistrial. See Knight v. State, 746 So.2d 423 (Fla. 1998) (explaining purpose of rule of sequestration is to discourage fabrication, inaccuracy or collusion).
AFFIRMED.
OSTERHAUS, J., CONCURS, WINOKUR, J., CONCURS in part and DISSENTS in part.

. Appellant’s counsel calls these sentences “never-leave-prison-alive sentences” which is not the correct term. These sentences are for capital felonies, the maximum constitutional punishment for which is life imprisonment. See §§ 775.082(2) & 794.011(2)(a), Fla. Stat.; Kennedy v. Louisiana, 554 U.S. 407, 128 S.Ct. 2641, 171 L.Ed.2d 525 (2008).

. The mother could have been present for the child’s testimony unless the trial court determined that her presence was prejudicial. § 90.616(2)(d), Fla. Stat.