# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-0485
LT Case No. 2020-CF-002169

_____

ANTWAN STAFFORD,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
R. Anthony Salem, Judge.

Howard Sohn, of Law Office of Howard Sohn, Boynton Beach, for Appellant.

Ashley Moody, Attorney General, and Daren Shippy, Assistant Attorney General, Tallahassee, for Appellee.

February 2, 2024

PER CURIAM.

    Antwan Stafford appeals the judgment and sentence entered against him following a jury trial. We find no error in the trial court's admission of *Williams*[1] rule evidence, nor do we find that

---

[1] *Williams v. State*, 110 So. 2d 654 (Fla. 1959).

the court erred in denying Stafford's motion for judgment of acquittal. Stafford's remaining argument on appeal is that the State made numerous improper comments throughout the proceedings below which deprived him of his right to a fair trial. We agree.

In 2020, Richard Giglio and Joseph Licandro, assistant state attorneys in the Fourth Judicial Circuit, prosecuted Stafford for trafficking in eutylone as well as several other related drug offenses. The record in this case is replete with instances where these prosecutors made highly improper comments to the jury— starting with opening statement and continuing in closing argument. These comments included improperly personalizing the case and interjecting their personal opinions as to Stafford's guilt;[2] improperly bolstering the State's evidence by reference to the police and judge;[3] disparaging and mocking the defense;[4] and

---

[2] The State told the jury, "[W]e see this stuff all the time. We see how these houses are run. We see how the defendants try to outschool the police. Now you see it." *See D'Ambrosio v. State*, 736 So. 2d 44, 48 (Fla. 5th DCA 1999) (holding it is improper for prosecutor to give personal opinion as to guilt of accused); *see also United States v. Bentley*, 561 F.3d 803, 812 (8th Cir. 2009) (explaining prosecutor's interjection of personal belief is improper when it suggests government has special knowledge of evidence not presented to jury, carries implied guarantee of truthfulness, or expresses personal opinion about credibility).

[3] "It did not take the police long to figure it out. It should not take us very long to figure it out either." *See Gonzalez v. State*, 136 So. 3d 1125, 1141 (Fla. 2014) ("Improper bolstering occurs when the State places the prestige of the government behind the witness or indicates that information not presented to the jury supports the witness's testimony." (quoting *Williamson v. State*, 994 So. 2d 1000, 1013 (Fla. 2008))).

[4] "I guarantee if there was a print on that bag, the defense would be telling you, it just means he touched the bag at one point. Maybe he made a sandwich. Maybe he brought along some cold cuts and some pulled pork. He touched the bag and then someone else filled it with drugs. There is an explanation for everything."

insinuating that Stafford committed the unrelated and uncharged felony offense of money laundering.[5] But as we will explain, the most egregious of the State's improper comments was a blatant misuse of the otherwise properly admitted *Williams* rule evidence.

The case against Stafford began in 2020 when law enforcement executed a search warrant at a home where Stafford resided. Drugs and related paraphernalia were found throughout the residence, the majority of which was located in hidden containers and cut-outs throughout the house. In 2019, less than a year earlier, law enforcement executed another search warrant on the same residence. Again, Stafford was found in the residence and drugs were found hidden throughout. The State declined to file charges against Stafford following the first warrant; however, they successfully argued to the trial court that evidence from that initial search should be admissible as *Williams* rule evidence relevant to show that Stafford had knowledge of the drugs found in 2020 and control of the house in which they were found. This *Williams* rule evidence was utilized by the State numerous times during trial, and each time the court instructed the jury that it should only consider the evidence from the 2019 search for the limited purpose of considering Stafford's knowledge of the drugs, a material element of each charge for which Stafford was ultimately convicted.

Despite the trial court's directive, the prosecutors made repeated improper references to the 2019 case during closing argument, not to show knowledge but rather to convince the jury that Stafford was guilty of the same crime a year earlier. These improper comments included the statements that: (1) Stafford

---

*See D'Ambrosio*, 736 So. 2d at 48 (holding prosecutor's remarks that defense theory was a "sea of confusion" that defense counsel "prays you will get lost in" was improper attack of defense and defense counsel).

[5] *See Brooks v. State*, 868 So. 2d 643, 645 (Fla. 2d DCA 2004) (holding it was improper for prosecutor to suggest defendant committed uncharged crime of unlawful possession of firearm by convicted felon).

3

went to jail following the 2019 search but the arrest "changed nothing," had "no effect on him" and that his drug trafficking was an "ongoing operation;" (2) the evidence from the 2019 search was *admitted by the judge* because it proved Stafford's knowledge, suggesting an endorsement of the evidence by the judge; and perhaps most egregious, the very last thing the jury heard from the State before retiring to deliberate was (3) Stafford "got away with it in 2019. Don't let him get away with it in 2020."

The State correctly points out that these comments, even if improper, were not objected to by defense counsel.[6] It is true that where a defendant does not object to improper comments made by the prosecutor during opening and closing arguments, any objection to those comments is unpreserved. *Braddy v. State*, 111 So. 3d 810, 846 (Fla. 2012). "The general rule is that the failure to raise a contemporaneous objection to those comments constitutes a waiver of the right to claim error on appeal." *Davis v. State*, 937 So. 2d 273, 275 (Fla. 4th DCA 2006). "The sole exception to the general rule is where the unobjected-to comments rise to the level of fundamental error, which has been defined as error that 'reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" *Brooks v. State*, 762 So. 2d 879, 898–99 (Fla. 2000) (quoting *McDonald v. State*, 743 So. 2d 501, 505 (Fla. 1999) (additional citations omitted)). "[W]here prejudicial conduct in its collective import is so extensive as to pervade the trial, a new trial should be awarded regardless of the want of an objection." *Silva v. Nightingale*, 619 So. 2d 4, 5 (Fla. 5th DCA 1993) (citation omitted).

Having determined that most, if not all, of the complained of comments were in fact improper and impermissible, we next must determine whether they rise to the level of fundamental error. "Fundamental error in closing argument occurs when the prejudicial conduct, in its collective import, is so extensive that its influence pervades the trial, gravely impairing a calm and dispassionate consideration of the evidence and the merits by the jury." *Capron v. State*, 948 So. 2d 954, 956–57 (Fla. 5th DCA 2007).

---

[6] Stafford's appellate counsel was not his attorney in the trial proceedings.

4

Appellate courts are cautioned to exercise "very guardedly" our discretion when determining whether fundamental error has occurred, applying the doctrine only in rare cases. *Fike v. State*, 4 So. 3d 734, 739 (Fla. 5th DCA 2009). The improper comments in this case, considered collectively, and in light of both the evidence presented and the elements of each charge, pervaded the trial and undermine our confidence in the jury's verdict, leading us to conclude that the error is fundamental and that a new trial is warranted. We find the State's reliance on the strength of the evidence presented at trial unpersuasive because the most egregious statements in closing argument inexcusably distorted the State's most powerful evidence of guilt—the *Williams* rule evidence.

While defense counsel's failure to object to any of these statements is incomprehensible, prosecutors are nevertheless required to "refrain from engaging in inflammatory and abusive arguments, to maintain their objectivity, and to behave in a professional manner." *Rodriguez v. State*, 210 So. 3d 750, 756 (Fla. 5th DCA 2017) (quoting *Cardona v. State*, 185 So. 3d 514, 516 (Fla. 2016)). These prosecutors failed to meet that standard.

REVERSED and REMANDED for a new trial.

EISNAUGLE, HARRIS, and MACIVER, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____