# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-3173
Lower Tribunal No. 2019-CF-013895-A

_____

PEDRO ANTONIO LAUREANO QUESADA,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Patricia L. Strowbridge, Judge.

March 6, 2026

STARGEL, J.

Pedro Antonio Laureano Quesada appeals his judgment and sentences for conspiracy to commit robbery with a firearm, attempted robbery with a firearm, and attempted felony murder. We affirm Quesada's judgment and sentences in all respects; however, we write to briefly address Quesada's argument that he was entitled to a mistrial after the State elicited testimony implicating him in an uncharged offense. We reject Quesada's remaining arguments without further discussion.

At trial, the State questioned Quesada's co-defendant about a series of text messages extracted from Quesada's phone in which they discussed their plan to commit the robbery in the present case. When the State asked specifically what they were discussing in messages from September 29, the co-defendant responded, "[d]oing a robbery on somebody else." Quesada promptly requested a mistrial, which the trial court denied but warned the State not to go any further down that road. The State indicated that the co-defendant's response came as a surprise. No curative instruction was requested or given.

"A mistrial is appropriate only where the error is so prejudicial as to vitiate the entire trial. A ruling on a motion for mistrial is within the trial court's discretion." *Hamilton v. State*, 703 So. 2d 1038, 1041 (Fla. 1997) (citation omitted).[1] In the present case, Quesada's co-defendant's inadvertent, fleeting, and vague reference to a discussion about planning another robbery was not so prejudicial as to vitiate the entire trial. *See, e.g.*, *Smiley v. State*, 295 So. 3d 156, 169 (Fla. 2020) (holding that co-perpetrator's "vague reference to 'when we normally operate like that' [when questioned why he thought the defendant had gloves with him at the

---

[1] In his brief, Quesada cites an oft-repeated proposition that the improper admission of uncharged-crime evidence is "presumed harmful error." *Straight v. State*, 397 So. 2d 903, 908 (Fla. 1981); *see also, e.g., Castro v. State*, 547 So. 2d 111, 115 (Fla. 1989); *Gillig v. State*, 356 So. 3d 260, 265 (Fla. 4th DCA 2023); *State v. Woodruff*, 346 So. 3d 1238, 1243 (Fla. 3d DCA 2022); *Rodriguez-Olivera v. State*, 328 So. 3d 1080, 1085 (Fla. 2d DCA 2021); *McCain v. State*, 995 So. 2d 1029, 1033 (Fla. 5th DCA 2008). However, the Florida Supreme Court has recently characterized this proposition as nonbinding dicta and a "misstatement of the law." *Johnson v. State*, 397 So. 3d 626, 641 n.9 (Fla. 2024).

time of the murder] lacked any detail about other crimes and does not come close to meeting the high standard that justifies a mistrial"); *Cole v. State*, 701 So. 2d 845, 853 (Fla. 1997) (holding that witness's statement that she "knew some history on" the defendant was "isolated and inadvertent and was not focused upon" and did not require a mistrial); *cf. Music v. State*, 398 So. 3d 436, 444 (Fla. 4th DCA 2024) (explaining that erroneous admission of *Williams*[2] rule evidence was harmful where "the co-defendant not only testified that he and appellant had previously burglarized cars, but he testified that they had done so 'forty or fifty times.' This was extremely prejudicial, as it painted appellant as a serial burglar."); *Morton v. State*, 972 So. 2d 1088, 1089 (Fla. 5th DCA 2008) (reversing conviction for sale of cocaine after confidential informant testified that "a lot of folks knew" the defendant was a drug dealer). Accordingly, on this record, we cannot say the trial court abused its discretion by denying a mistrial.

AFFIRMED.

SMITH, J., concurs.
NARDELLA, J., dissents, with opinion.

_____

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED

_____

---

[2] *Williams v. State*, 110 So. 2d 654 (Fla. 1959).

NARDELLA, J., dissenting, with opinion.

Pedro Antonio Laureano Quesada was on trial for robbery-related offenses and felony murder with the central issue being whether he had knowledge that his co-defendant planned to rob the victim with a firearm. The State's case against Quesada relied heavily on his co-defendant's testimony—that he and Quesada changed their initial plan of selling the victim fake drugs for money to robbing him with a firearm.

Against this backdrop, the co-defendant testified on direct examination, that he and Quesada discussed "[d]oing a robbery on somebody else." This testimony of a separate, uncharged robbery, although not intentionally elicited by the prosecution nor mentioned at trial again, deprived Quesada of a fair trial by encouraging the jury to believe that Quesada was predisposed to commit robberies. On these facts, no curative instruction would have been sufficient to cure this prejudice, only a mistrial. *Morton v. State*, 972 So. 2d 1088, 1089 (Fla. 5th DCA 2008) ("Evidence that a defendant has previously committed a similar crime is particularly prejudicial because of the risk that a juror will be predisposed to believe that the defendant is guilty of the charged offense."). I respectfully dissent.

_____

Matthew R. McLain, of McLain Law, P.A., Longwood, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Deborah Chance, Assistant Attorney General, Daytona Beach, for Appellee.

4