CLARK, J.
The appellant challenges his conviction for armed robbery and kidnapping, contending that the court should have granted his request for a mistrial when one of the witnesses referred to the appellant’s involvement in other criminal activity. Rather than granting the request for a mistrial, the court instead gave the jury a cautionary instruction. Because the witness’ brief remark was not so prejudicial as to destroy the fairness of the trial, and the cautionary instruction sufficiently addressed the matter, the appellant’s request for a mistrial was properly denied.
The evidence at trial included the testimony of the victim, who described in detail how he was robbed and kidnapped by the appellant and the appellant’s girlfriend. The appellant’s girlfriend also testified, and likewise described her own and the appellant’s commission of the armed robbery and kidnapping.
During cross-examination of the girlfriend, defense counsel asked if the appellant regularly had money or if he was broke, with counsel apparently intending to suggest that the appellant did not have a financial need to commit the robbery. The girlfriend indicated that the appellant did have money and was not broke. On redirect, the prosecutor referred to those questions by defense counsel, and the suggestion that the appellant did not need money, with the prosecutor then asking if the appellant “was working at this time.” The girlfriend responded by saying “No, he was selling drugs.”
Defense counsel objected and asked for a mistrial, arguing that the remark that the appellant was selling drugs was highly prejudicial and irrelevant. The court denied the request for a mistrial, and instead instructed the jury to “disregard the last sentence of testimony that was given,” with the court telling the jury “not to consider it in your deliberations at the end of the case.”
In Hamilton v. State, 703 So.2d 1038 (Fla.1997), the Florida Supreme Court considered an instance in which a witness made a brief and unanticipated remark alluding to the defendant’s involvement in uncharged crimes, and a mistrial was not required there in that the witness’ comment was not so prejudicial as to vitiate the entire trial. Hamilton emphasizes that the request for a mistrial is addressed to the trial court’s discretion, and other cases further indicate that a mistrial should be granted only when necessary to ensure that the defendant receives a fair trial. See e.g. Cole v. State, 701 So.2d 845 (Fla.1997).
In some circumstances improper references to other offenses may reach the necessary level of prejudice to require a mistrial. See e.g. Henderson v. State, 789 So.2d 1016 (Fla. 2d DCA 2000). In the present case however, the witness’ remark that the appellant was selling drugs was not so pervasively prejudicial, in light of the charged offenses and the extensive testimony as to the violent manner in which those offenses were committed, and the unequivocal identification of the appellant as one of the perpetrators. The comment thus did not vitiate the entire pro *1026 ceeding or deprive the appellant of a fair trial, and the cautionary instruction was sufficient to remedy the situation, whereupon the appellant’s request for a mistrial was properly denied.
The appealed order is therefore affirmed.
VAN NORTWICK and LEWIS, JJ„ concur.