# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-3441
_____

CORIE COPELAND,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Okaloosa County.
John T. Brown, Judge.

May 16, 2018

B.L. THOMAS, C.J.

Appellant challenges the trial court's denial of his motion to suppress. Because we hold that the bedroom in which officers observed narcotics was "immediately adjoining" the place of Appellant's arrest, we affirm the trial court's order.

*Facts*

Investigator Rodney Owens of the Walton County Sheriff's Office testified that a "breach team" of five Walton County Sheriff's deputies and one Santa Rosa County Sheriff's deputy approached Appellant's residence to execute an arrest warrant. A narcotics unit that was surveilling the residence had observed Appellant arrive and enter the residence.

Deputies knocked and announced at the residence for approximately forty-five seconds. A member of the narcotics unit observing the rear perimeter of Appellant's apartment saw Appellant look out a bathroom window that faced the rear of the building, and this information was relayed to the entry team. The deputies breached the door to Appellant's apartment, but remained outside the residence, calling Appellant's name and stating they had a warrant for his arrest. Appellant remained in the apartment, and the deputies then entered the residence.

Deputy Panchaud of the Santa Rosa County Sheriff's Office testified that he and the other deputies entered the residence in a "stack" formation. The deputy "cleared" the kitchen area and then checked a bedroom for other occupants, while other deputies made contact with and detained Appellant at the bathroom. Deputy Panchaud saw what appeared to be narcotics in plain view on a table in the bedroom.

Deputy Goddin of the Walton County Sheriff's Office testified that Appellant eventually came out of the bathroom, and officers restrained Appellant in the doorway area of the bathroom while officers continued clearing the residence. Deputy Goddin testified that the bedroom where the narcotics were observed was adjacent to and approximately "four to six feet" from the bathroom where Appellant was seized. Investigator Dennis Fields estimated that the bedroom was ten feet from the place of arrest.

Investigator Fields testified that Deputy Panchaud told him there was suspected methamphetamine and suspected marijuana in the back bedroom next to the bathroom. Investigator Owens testified that the surveillance team informed him that no one other than Appellant had entered Appellant's apartment in the hour and fifteen minutes that they observed the apartment. Deputy Goddin testified that he had "no way of knowing" whether there was anyone besides Appellant inside the residence.

The trial court denied Appellant's motion to suppress, finding that the proximity of the bathroom where Appellant was arrested was close enough to the bedroom where the narcotics were observed to justify seizure of the contraband. Following the

2

jury trial, Appellant was found guilty of trafficking illegal drugs, possession of a controlled substance, possession of drug paraphernalia, and tampering with evidence, and he was sentenced to a term of thirty years' imprisonment.

*Analysis*

The standard of review on motions to suppress is a mixed question of law and fact. Appellate courts defer to a trial court's finding of fact, if it is supported by competent, substantial evidence. We review de novo the trial court's application of law to the facts. *Delhall v. State*, 95 So. 3d 134, 150 (Fla. 2012). Florida courts are bound by the United States Supreme Court's decisions regarding search and seizure. *Bernie v. State*, 524 So. 2d 988, 991 (Fla. 1988). While warrantless searches and seizures inside a home are "presumptively unreasonable" and prohibited by the Fourth Amendment, exceptions may apply to allow such searches. *Payton v. New York*, 445 U.S. 573, 586 (1980). This is one of those exceptions.

In *Maryland v. Buie,* 494 U.S. 325, 334 (1990), the Supreme Court outlined two types of "sweeps" that officers may perform incident to a lawful arrest: (1) a precautionary sweep, which officers may perform incident to arrest, without probable cause or reasonable suspicion, in which officers may look in closets and other spaces "immediately adjoining the place of arrest from which an attack could be immediately launched"; and (2) a protective sweep beyond the precautionary sweep, for which "there must be articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene." *Id.* Reasonable articulable suspicion is required to justify the second, broader sweep. *Id.* at 327. "A protective sweep may last 'no longer than is necessary to dispel the reasonable suspicion of danger' and 'no longer than it takes to complete the arrest and depart the premises.'" *United States v. Thomas*, 429 F.3d 282, 287 (D.C. Cir. 2005) (quoting *Buie*, 494 U.S. at 335-36).

Based on officer testimony at the suppression hearing, Appellant argues that the officers did not possess the articulable

3

suspicion necessary to justify the broader "protective sweep." However, no articulable suspicion was necessary to justify a precautionary sweep of the spaces immediately adjoining the place of arrest. *Buie*, 494 U.S. at 334.

Florida courts have not clearly defined whether a bedroom directly adjacent to the place of arrest is "immediately adjoining," but the definition set out by federal courts is persuasive. In *Thomas*, the United States Court of Appeals for the District of Columbia held that an entire small apartment may immediately adjoin the place of arrest:

> The safety of the officers, not the percentage of the home searched, is the relevant criterion. If an apartment is small enough that all of it "immediately adjoin[s] the place of arrest" and all of it constitutes a space or spaces "from which an attack could be immediately launched," then the entire apartment is subject to a limited sweep of spaces where a person may be found.

*Thomas*, 429 F.3d 282, 288 (D.C. Cir. 2005) (quoting *Buie*, 494 U.S. at 334) (citations omitted).

The United States Court of Appeals for the Seventh Circuit also recognized what a valid precautionary sweep entails: "*Buie* held that police may walk through rooms adjacent to the one in which they make an arrest, to ensure that no danger lurks within. The officers need not demonstrate any danger; they may look simply as precaution." *United States v. Brown*, 64 F.3d 1083, 1086 (7th Cir. 1995) (citations omitted).

Officer testimony here indicated that the bedroom in which the narcotics were observed was directly adjacent to the bathroom where Appellant was apprehended, and was between four and ten feet from the area of arrest. We hold that Appellant's bedroom was therefore "immediately adjoining" the place of arrest, and officers did not need articulable suspicion to search therein. We therefore affirm the trial court's denial of Appellant's motion to suppress evidence observed during this precautionary sweep.

Appellant also argues that the trial court abused its discretion by denying his motion for mistrial based on Investigator Fields' testimony that Appellant used methamphetamine, an uncharged offense. A mistrial is appropriate only where the error is so prejudicial as to vitiate the entire trial. *Hamilton v. State*, 703 So. 2d 1038, 1041 (Fla. 1997). An alleged prejudicial remark is considered in light of the charged offenses in order to determine pervasiveness. *See Gardner v. State*, 54 So. 3d 1024, 1025 (Fla. 1st DCA 2011); *see also Hamilton*, 703 So. 2d at 1041 (finding no error in trial court's denial of motion for mistrial where witness testimony indicated that a defendant, charged with first-degree murder, sexual battery, robbery, and kidnapping, was involved in another murder). We find that Investigator Fields' remark did not vitiate the entire trial, where Appellant was charged with trafficking in illegal drugs (heroin, morphine, opium, 28 grams or more, but less than 30 kilograms, possession of a controlled substance (less than 20 grams of cannabis), possession of drug paraphernalia, and tampering with evidence, and the trial court did not abuse its discretion in denying Appellant's motion for mistrial.

AFFIRMED.

WETHERELL and WINSOR, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Andy Thomas, Public Defender, A. Victoria Wiggins, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Julian E Markham, Assistant Attorney General, Tallahassee, for Appellee.

5